[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Barry Coe [Coe], appeals the judgment and sentence of the Court of Common Pleas of Seneca County, Ohio.
On April 2, 1997, a two count indictment was filed in which Coe was charged with Attempted Aggravated Murder, a violation of R.C. 2923.02(A) and 2903.01(A), and Kidnapping, a violation of R.C. 2905.01(A)(5). Both infractions are felonies of the first degree. The indictment was based on events which occurred on March 27, 1997.
On September 18, 1997, after a jury trial, Coe was found guilty of the charged offenses. He was sentenced to the Ohio Department of Rehabilitation and Correction for a prison term of five years on each of the two counts, served consecutively. Coe was also ordered to pay restitution and court costs.
Coe appeals from these decisions and lists the following as his assignment of error:
 Trial counsel was ineffective in failing to object to the jury instruction that inferences could be made from facts proven by the greater weight of the evidence. This violated the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.
Thus, encompassed within this assignment of error are the issues of defective jury instructions and ineffective assistance of counsel. Since these issues are interrelated, they will be addressed simultaneously.
The jury instruction at issue pertained to the jury's consideration of inferences and was as follows:
 You may infer a fact or facts only from other facts or circumstances that have been proven by the greater weight of the evidence but you may not make inferences from a speculative or remote basis that's not been established by the greater weight of the evidence.
Coe argues that through the use of this instruction, the State's burden of proof was unconstitutionally lowered, allowing the jury to reach a determination of his guilt on a standard of less than reasonable doubt. Accordingly, he maintains that his conviction must be reversed.
Upon review, it is clear that this singular instruction is erroneous. As stated in the United States Supreme Court case ofSullivan v. Louisiana (1993), 508 U.S. 275, 277-278:
 The prosecution bears the burden of proving all the elements of the offense charged, * * * and must persuade the factfinder `beyond a reasonable doubt' of the facts necessary to establish each of those elements * * *.
The United States Supreme Court continued by saying:
 [T]he essential connection to a `beyond a reasonable doubt' factual finding cannot be made where the instructional error consists of a misdescription of the burden of proof, which vitiates all the jury's findings.
(Emphasis sic.) Id. at 281.
Moreover, the instruction at issue is the same as that given at 1 Ohio Jury Instructions (1996) 5.10, at 115-116, regarding an inference upon an inference. The comment to this instruction specifically states:
 [T]he Supreme Court cautioned against `resorting to this rule * * * too readily and without a sufficient awareness of its pitfalls.' * * * The use of this instruction is limited to civil cases.
Thus, pursuant to the foregoing authorities, the trial court erred giving the jury this instruction. Nevertheless, we are not pursuaded that the error is prejudicial in the context of this case.
In general, the rule regarding appellate review of jury instructions is that a sole instruction must be viewed within context of the whole set rather than in isolation. State v.Taylor (1997), 78 Ohio St.3d 15, 29-30; State v. Price (1979),60 Ohio St.2d 136, paragraph four of the syllabus. With this standard in mind, we are mindful that the trial court instructed the jury on several occasions of its duty to apply a reasonable doubt standard to the evidence presented by the State. As stated by the trial court:
 The defendant must be acquitted unless the state produces evidence which convinces you beyond a reasonable doubt of every essential element of the offenses. Reasonable doubt is present when, after you have carefully considered and compared all of the evidence, you cannot say that you are firmly convinced of the truth of the charge. Reasonable doubt is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible doubt. Proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his or her own affairs.
 If, after full and impartial consideration of all of the evidence, you are firmly convinced of the truth of the charges, the state has proved its case beyond a reasonable doubt. If you are not firmly convinced of the truth of the charge, you must find the defendant not guilty.
* * *
 In this case the defendant was charged with an attempt to commit the offense of aggravated murder. * * * Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 27th day of March, 1997, and in Seneca County, Ohio, the defendant purposely engaged in conduct which if successful would have resulted in the commission of the offense of aggravated murder.
* * *
 The defendant is also charged with kidnapping. Before you can find the defendant guilty, you must find, beyond a reasonable doubt that on or about the 27th day of March, 1997, and in Seneca County, Ohio, the defendant did by force remove Teresa M. Coe from the place where she was found or restrained or that he restrained Teresa M. Coe of her liberty for the purpose of terrorizing or to inflict serious physical harm on Teresa M. Coe.
* * *
 If you find that the state proved beyond a reasonable doubt that all the essential elements of any one or both of the offenses charged in the separate counts in the indictment, your verdict must be guilty as to such offense or offenses to your findings.
 If you find that the state failed to prove beyond a reasonable doubt any one of the essential elements of any one or other of the offenses charged in the separate counts in the indictment, then your verdict must be not guilty as to such offense or offenses according to your findings.
Based on the foregoing, we cannot say that there was reversible error in the charge to the jury. When reviewing the context of the overall charge, one erroneous instruction was insufficient to mislead the jury or to taint the entire pool of instructions when, otherwise, the proper instructions regarding the reasonable doubt burden of proof and evidentiary standard were provided to the jury.
Moreover, we further note that Coe failed to preserve this issue for appeal since no objection was made. State v. Keith
(1997), 79 Ohio St.3d 514, 532; State v. Underwood (1983), 3 Ohio St.3d 12, syllabus; Crim.R 30(A). Accordingly, to overcome the barrier of waiver, Coe must demonstrate plain error. Id. Plain error is applied only in extraordinary circumstances to avoid a miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Upon a review of the record, we cannot say that the plain error principle should be applied in this case.
In particular, sufficient evidence was presented to support the jury's findings. The State demonstrated its case in a four day trial through twenty-eight witnesses. These witnesses included, among others, the victim, her friends and parents, members of the Fostoria Police Department, and personnel from the Ohio Bureau of Criminal Identification and Investigation. A jury view of the site of the incident also occurred.
The testimony elicited at trial established that Coe purchased a knife at a K-Mart in Bowling Green, Ohio on March 27, 1997. That evening, Coe asked his sister's boyfriend to give him a ride to Fostoria. Coe said that he wanted to stay with friends for the weekend. However, upon arriving to Fostoria, Coe made a collect, local phone call from a pay phone to his ex-wife. He said he was calling from Bowling Green. Fifteen minutes later, Coe waited for his ex-wife to come out of her parent's house and enter a friend's car. When she did, Coe rushed the car, jumping on it and damaging the car's T-top. Through the T-top entry, Coe grabbed his ex-wife and started to hit and scream at her. The friend attempted to obtain help. Eventually, Coe pulled out a knife, threatened to kill his ex-wife's friend, and gained control over his ex-wife with a headlock maneuver.
After removing his ex-wife from the car, Coe placed the knife to her throat, took her behind a neighbor's shed and continued to beat her. Then, while holding the knife to either his ex-wife's neck or back, Coe led her to the rear of her parent's property, and threatening to kill her all the while. Within a few minutes, police arrived and began to search for Coe and his ex-wife. When a flashlight was shone in Coe's eyes, his ex-wife was able to break free. Coe was apprehended shortly thereafter. In police statements, the ex-wife stated that but for the police's prompt response time, she believed Coe would have killed her. In all, a rational trier of fact could find that all the essential elements of the charged offenses were proven beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus.
Further, we are guided by the principle of reviewing jury instructions in the context of the entire charge rather than on an individual basis. Taylor, 78 Ohio St.3d at 29-30. Since the charges to this jury as a whole were not prejudicial to Coe, a miscarriage of justice was not present and plain error cannot apply. See, also, Keith, 79 Ohio St.3d at 532; Taylor, supra, at 29; State v. Thompson (1987), 33 Ohio St.3d 1, 13.
Coe's ineffective assistance of counsel claim is based on his trial counsel's failure to object to the jury instruction at issue. To establish a claim of ineffective assistance of counsel:
 `First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'
 State v. Smith (1985), 17 Ohio St.3d 98, 100, citing Strickland v.Washington (1984), 466 U.S. 668, 687. In a claim such as this, counsel is presumed to have rendered effective assistance and the defendant must show otherwise. Smith, supra, at 100.
We believe that Coe has failed to meet this burden. In view of the previous discussions, Coe is unable to demonstrate that trial counsel's failure to object resulted in prejudice. Although standing by itself the jury instruction at issue was erroneous, upon an application of the proper legal standards, and in the context of the overall instructions and evidence, the error was not prejudicial. Consequently, we are unable to determine that Coe received ineffective assistance from trial counsel according to the dictates of the Smith and Strickland cases and Coe's assignment of error is without merit.
Accordingly, Coe's assignment of error is overruled and the judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
BRYANT and EVANS, JJ., concur.