THE STATE OF OHIO, APPELLEE, *v.* BURCHFIELD, APPELLANT.

[Cite as *State v. Burchfield* (1993), 66 Ohio St.3d 261.]

(No. 92–883—Submitted February 9, 1993—Decided May 19, 1993.)

*William R. Biddlestone*, Athens County Prosecuting Attorney, and *K. Robert Toy*, Assistant Prosecuting Attorney, for appellee.

*J. Michael Westfall*, Athens County Public Defender, and *William A. Grim*, Assistant Public Defender, for appellant.

---

PFEIFER, J.   In *State v. Thompson* (1987), 33 Ohio St.3d 1, 13, 514 N.E.2d 407, 419, this court reiterated its earlier holding in *State v. Price* (1979), 60 Ohio St.2d 136, 14 O.O.3d 379, 398 N.E.2d 772, at paragraph four of the syllabus, that "a jury instruction ' * * * must be viewed in the context of the overall charge, * * * ' rather than in isolation."   The appellate court below relied on *Thompson, supra,* in finding that the trial court's instructions, when viewed as a whole, correctly instructed the jury as to the requirement of purpose in a murder charge.

In *Jacks, supra,* the Eighth Appellate District overturned a murder conviction when it found that the trial court's causation instruction improperly allowed the jury to find the defendant guilty on the basis of negligent, rather than purposeful, behavior.   The *Jacks* court found that that instruction undercut the *mens rea* requirement for murder.

In the present case, the trial court used virtually identical language regarding causation.   However, the jury instructions as a whole are significantly different from those in *Jacks*.   In this case, there were extensive instructions regarding purpose given prior to the causation instruction.   Those instructions were drawn from OJI Section 409.01, and included the instruction that purpose can be inferred from the use of a deadly weapon.

Also, immediately following the causation instruction the court reiterated the purpose requirement in words not contained in OJI: "To constitute murder, there must be a causing [*sic* ] the death of another by the defendant and there must be a specific purpose to cause the death of another existing in the mind of the defendant at the time of the act."

This case differs further from *Jacks* because in this case an instruction was given for the lesser included offense of voluntary manslaughter.   In that instruction the court was careful to point out the critical distinction between voluntary manslaughter and murder: "The offense of voluntary manslaughter is distinguished from murder by the absence of or failure to prove purpose."

Finally, the *Jacks* court noted that the prosecutor referred to the erroneous instructions in his closing argument. In the present case, both the prosecutor and defense counsel made it very clear in their closing arguments that in order to return a guilty verdict the jury had to determine that appellant shot Jago with the intent to kill him.

As this court required in *Thompson*, both the *Jacks* court and the court below reviewed the jury instructions objected to in the context of the whole jury charge. However, the charges in the two cases were not, as a whole, identical. The two courts interpreted and ruled upon two different jury charges. Thus, we do not consider the fact that the respective courts came to different conclusions to be significant.

The Fourth Appellate District certified this case to us due to a perceived conflict with the Eighth Appellate District's decision in *Jacks*. There is no conflict between the two decisions. We therefore dismiss the appeal.

We are concerned, however, with the use of the OJI foreseeability instruction in this case. While OJI is widely used in this state, its language should not be blindly applied in all cases. The usefulness in murder cases of the foreseeability instruction is questionable, especially given its potential to mislead jurors. While the use of that instruction would not have led to our reversal of the conviction in this case, its unnecessary inclusion would have made the question closer than it need have been. The OJI foreseeability instruction should be given most cautiously in future murder cases.

*Appeal dismissed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.