MEMORANDUM DECISION AND JUDGMENT ENTRY.
In the late evening hours of January 19, 1997, Lillian Perkins left the apartment of a friend and drove, in her cab, to her apartment. Lillian's husband, Robert Perkins, was present in the apartment when Lillian got home. Around midnight, Perkins attacked Lillian with a hammer.
After bashing Lillian's head at least 15 times with the hammer, Perkins put on a long-sleeved sweatshirt, shirt, and coat to cover the blood spattered on his T-shirt. In an attempt to establish an alibi, Perkins drove Lillian's cab to his son's residence. Perkins told his son, Frankie Bell, that he was there to take Frankie to the home of Rashina Davis to obtain some medicine for Frankie's cold. While at Davis's house, Perkins asked Frankie to assist him in returning several boxes to Lillian.
When Perkins and Frankie arrived back at Perkins's apartment, Perkins expressed surprise at the unlocked door. Upon seeing Lillian's body, Perkins began to moan and act as if he was shocked by the murder, even leaning over Lillian's body.
Frankie fled and drove to Davis's apartment, where he contacted the police. When the police arrived at Perkins's apartment, Perkins gave his consent to search. Perkins also gave the police his alibi; however, because of Perkins's suspicious demeanor and several outstanding warrants, Perkins was taken to the police station for further questioning.
At the police station, the questioning continued. Police eventually decided to arrest Perkins on the unrelated charges. After arresting Perkins, the police removed Perkins's clothing to find the blood-spattered T-shirt. Police also found it strange that the blood-spattered T-shirt was underneath the coat, sweatshirt, and long-sleeved shirt that Perkins was found wearing at the murder scene.
On March 7, 1997, Perkins was indicted for murder, in violation of R.C. 2903.02(A), for purposely causing the death of Lillian Perkins. After a jury trial, Perkins was found guilty as charged and sentenced to incarceration for a term of fifteen years to life. Perkins appeals his conviction and assigns seven errors for this court's review. Finding none of the assignments to have merit, we affirm the judgment of the trial court.
In Perkins's first assignment of error, he claims that the trial judge erred in giving the jury an instruction on causation. Perkins failed to object to the causation instruction as given. When a defendant fails to preserve a possible error of the trial court through a timely objection, any error is waived absent plain error. Crim.R. 30; State v. Combs (1991), 62 Ohio St.3d 278,581 N.E.2d 1071; State v. Stojetz (1999),84 Ohio St.3d 452, 705 N.E.2d 329. Perkins claims that it was plain error for the trial judge to instruct the jury as follows:
 * * * Cause is an essential element of the offense. Cause is an act which in a natural and continuous sequence directly produces the death, and without which it would not have occurred.
 The defendant's responsibility is not limited to [the] immediate or most obvious result of the defendant's act or failure to act. The defendant is also responsible for the natural and foreseeable consequences that follow in the ordinary course of events from the act or failure to act.
Perkins contends that the foreseeability portion of the causation instruction led the jury to conclude that Perkins could be found guilty based upon a negligence standard, rather than the required beyond-a-reasonable-doubt standard. We disagree.
The use of the foreseeability language in a jury instruction "does not require reversal where the instructions as a whole make clear that the jury must find purpose to kill in order to convict." State v. Phillips (1995), 74 Ohio St.3d 72,100, 656 N.E.2d 643, 668; Stojetz, supra. InState v. Burchfield (1993), 66 Ohio St.3d 261,611 N.E.2d 819, the Supreme Court of Ohio noted that the trial judge gave the foreseeability instruction in addition to extensive instructions on purpose to kill. While the court did not state absolutely that the foreseeability instruction must not be given in a murder case, the court did emphasize that "the OJI foreseeability instruction should be given most cautiously in future murder cases" because of the "potential to mislead jurors." Id.
In this case, the trial judge made clear, through extensive instructions on purpose, that the jury had to find that Perkins purposely caused the death of Lillian beyond a reasonable doubt. Based upon the jury instructions as a whole, this court cannot conclude that the jury was misled by the foreseeability instruction, nor do we conclude that it was plain error to give such an instruction in this case. See Stojetz,supra. Therefore, Perkins's first assignment of error is overruled.
In Perkins's second assignment of error, he claims that the trial judge erred in allowing the admission into evidence of six photographs of Lillian's head injuries used by the state during the testimony of the coroner. Under Evid.R. 403 and 611(A), the admission of photographs is left to the trial court's discretion.State v. Slagle (1992), 65 Ohio St.3d 597, 601,605 N.E.2d 916, 923; see, also, State v. Maurer (1984),15 Ohio St.3d 239, 473 N.E.2d 768. So long as the probative value of the photographs is not substantially outweighed by the danger of unfair prejudice to the defendant, nonrepetitive photographs, even if gruesome, are admissible. See State v. Gumm
(1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v. Rogers
(June 19, 1998), Hamilton App. No. C-970190, unreported.
The trial judge reviewed the photographs of Lillian, which were objected to by Perkins. The photographs of Lillian's head injuries illustrated the extent of the brutality of the murder and were probative of the required mens rea. The photographs were used by the coroner to explain the cause of death, an essential element of the offense of murder. In reviewing the photographs, we hold that the admission of the photographs was not unduly prejudicial to Perkins, and that the trial judge did not abuse his discretion in allowing the photographs to be admitted into evidence. Therefore, Perkins's second assignment of error is overruled.
We address Perkins's third, fourth, and fifth assignments of error, dealing with sufficiency and weight of the evidence, and the denial of a motion for acquittal, collectively. Where substantial evidence is presented by the state to support all elements of the charged offense, and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence. See State v.Barnes (1987), 25 Ohio St.3d 203,495 N.E.2d 922; State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. To determine whether the trial court improperly denied a motion for acquittal, the relevant inquiry is whether, after viewing all of the evidence in a light most favorable to state, any rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt.State v. Williams (1996), 74 Ohio St.3d 569,660 N.E.2d 724; see, also, State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184.
The state presented overwhelming evidence of Perkins's guilt, including expert testimony regarding the blood spattered on Perkins's T-shirt and jeans. The expert testified that the blood spatters on Perkins's T-shirt and jeans appeared to be the result of a casting-off motion of the object used to strike Lillian, such as a motion used by one hitting another with a hammer. Such evidence was consistent with the trauma injuries that caused Lillian's death. Additionally, the spattered blood was proven, through DNA testing, to be that of Lillian Perkins.
Upon review of the entire record, we hold that the evidence presented by the state was sufficient as a matter of law, that the weight of the evidence supported a guilty verdict, and that the trial judge correctly overruled Perkins's motion for acquittal pursuant to Crim.R. 29. Therefore, Perkins's third, fourth, and fifth assignments of error are overruled.
Perkins claims, in his sixth assignment of error, that he was denied effective assistance of defense counsel. In order to demonstrate that he was denied effective assistance of counsel, Perkins must show that, but for counsel's unprofessional errors, the outcome of the trial would have been different. SeeStojetz, supra, citing Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. In this case, Perkins cites two instances of ineffectiveness of counsel.
In the first instance, Perkins claims that counsel should have filed a motion to suppress both the statements made to the arresting officer and the clothing obtained after he was arrested on the unrelated charges. Perkins fails, however, to point out in the record a statement he made that warranted suppression. Furthermore, since Perkins's clothing was obtained after he was arrested on the unrelated charges, the clothing was lawfully seized. Where there are no grounds to file a motion to suppress, counsel cannot be ineffective in failing to file such a motion.State v. Gibson (1980), 69 Ohio App.2d 91,430 N.E.2d 954; see, also, State v. Teasley (Apr. 30, 1999), Hamilton App. No. C-980041, unreported.
In the second instance, Perkins claims that counsel should have objected to the testimony of Officer Seal regarding Perkins's behavior at the scene of the crime and to Seal's remark that Perkins expressed "no remorse." Whether to object to testimony is considered a trial tactic that usually does not constitute ineffectiveness of counsel without a demonstration of exactly how an objection would have altered the outcome of the trial. SeeState v. Saah (1990), 67 Ohio App.3d 86, 585 N.E.2d 999;State v. Carpenter (1996), 116 Ohio App.3d 615,688 N.E.2d 1090. Other than making an assertion that counsel committed an unprofessional error in failing to object, Perkins has failed to demonstrate how the outcome of the trial would have been different had Seal's testimony regarding his observations of Perkins been excluded.
Perkins has failed to demonstrate that counsel made unprofessional errors that altered the outcome of his trial. Thus, Perkins's claim of ineffective assistance of counsel lacks merit, and we overrule Perkins's sixth assignment of error.
Perkins's seventh assignment of error claims that cumulative errors by the trial judge deprived him of a fair trial. However, Perkins fails to set forth in his brief the claimed errors such that this court may properly review the assignment of error. Therefore, pursuant to App.R. 12 and 16, we overrule Perkins's seventh assignment of error and affirm the judgment of the trial court.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
Sundermann, J., concurs.
Painter, P.J., concurs separately.