OPINION
Defendant-appellant, Robert McElroy, appeals his conviction in the Mahoning County Common Pleas Court on one count of possession of cocaine and one count of possession of cocaine, crack cocaine.
Mahoning County Sheriff Deputy Jeffrey Duzzny obtained information from a confidential informant that appellant was selling drugs. The confidential informant purchased drugs from appellant on three arranged occasions. Using the information obtained from the drug buys along with information gained through random surveillance of the residence located at 1121 Springdale, Youngstown, Ohio, Duzzny prepared an affidavit and secured a search warrant for the house owned by appellant's girlfriend.
On February 19, 1998, Duzzny and his partner, Sheriff Deputy Jeffrey Allen, called a special response team meeting, briefed the team members, and executed the search warrant. Duzzny, the officer in charge of gathering evidence, found several plates on a table, one with several suspected rocks of cocaine on it and another with a straw and a razor blade. He also recovered five brown glass vials holding what appeared to be powder cocaine and residue. Also, he recovered a clear plastic bag that was inside a boot which contained six bags of suspected powder cocaine. Another deputy found a Ruger .357 gun in the house.
Allen advised appellant of his Miranda rights. Allen and Duzzny testified that appellant admitted that the drugs and gun belonged to him.
The evidence was taken to Tri-State Lab for testing. Robert Planey, the forensic scientist who performed the tests, testified that the six packages of white powder were indeed cocaine with a total weight of 104.362 grams. He testified that there was cocaine residue on the plates, straw, razor, and in the vials weighing .063 grams. He also testified that the suspected rocks of cocaine were crack cocaine weighing 2.038 grams.
At trial, appellant testified that he was never read hisMiranda rights and that the cocaine did not belong to him nor to his girlfriend. Also, he and his girlfriend testified that the gun belonged to her.
The jury found appellant not guilty of Count 3, having weapons while under a disability in violation of R.C.2923.13(A)(2). They found appellant guilty of Count 2, possession of cocaine, crack cocaine in an amount exceeding one gram but less than five grams in violation of R.C. 2925.11(A)(C)(4)(b). As to the first count, possession of cocaine in violation of R.C.2925.11(A)(C)(4)(d), the jury returned a verdict of guilty but could not agree on the amount appellant possessed. The indictment alleged that appellant possessed between 100 and 500 grams of cocaine. The trial court instructed the jury that they needed to deliberate further to determine what amount appellant possessed. They returned with a weight of .063 grams.
On March 24, 1998, the trial court sentenced appellant to ten months imprisonment for Count 1 and to seventeen months for Count 2, to be served concurrently. Appellant filed his notice of appeal the same day.
Appellant's first assignment of error states:
 "TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING PROSECUTOR TO CROSS-EXAMINE DEFENDANT IN REGARD TO A STIPULATED PRIOR OFFENSE"
Appellant and plaintiff-appellee, the State of Ohio, stipulated to appellant's prior marijuana conviction for the purpose of establishing his disability with regard to the charge of having weapons while under a disability. When appellant took the stand, he testified that he had previously pled guilty to a charge involving marijuana. On cross-examination he admitted, without objection, that he had pled guilty to trafficking in marijuana. On redirect examination he stated that he did not know if he had pled guilty to trafficking on the previous charge. Then, over objection on recross examination, appellee confronted appellant with the record of his prior guilty plea and conviction for trafficking in marijuana.
Appellant argues that the stipulation precluded appellee from bringing up the conviction at all. He asserts that the fact that the prior conviction was similar to two of the charges that he was presently being tried for was prejudicial to him.
When dealing with a count of having a weapon while under a disability, the state must prove the existence of a prior conviction beyond a reasonable doubt because the existence of the prior conviction is an element of this offense. State v. Twyford
(Sept. 25, 1998), Jefferson App. No. 93-J-13, unreported, 1998 WL 671382.
When appellant testified that he did not know if he pled guilty to trafficking in a prior case, he posed a defense to the charge against him. His testimony, if believed by the jury, constituted evidence that he did not have a prior conviction for trafficking in marijuana. Appellant contradicted the prior stipulation by testifying that he did not know if he previously pled guilty to trafficking. Without establishing beyond a reasonable doubt that appellant had a prior conviction, appellee could not prove that appellant was guilty of having a weapon while under a disability. Id.; R.C. 2923.13(A)(3). Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING IMPROPER EVIDENCE TO BE ADMITTED"
Appellant challenges the admission of state's Exhibits 2, 3, 4, 5, 6, and 7 due to lack of proof of chain of custody. These items consist of the cocaine, plates, razor, and other paraphernalia which was taken to Tri-State Lab for testing. Officer Bill Cranston testified that he took the evidence to the lab and delivered it to the receptionist. Cranston testified that he did not know for sure what the receptionist does with the evidence. Cranston also testified that the evidence for this case was kept on shelf 43 in the evidence room and that other cases were also kept on the same shelf. Appellant argues that given these facts, appellee did not meet its burden in establishing that substitutions, alterations, or tampering did not occur.
When dealing with chain of custody matters, the state bears the burden of establishing the proper chain of custody. In reLemons (1991), 77 Ohio App.3d 691, 693. To meet its burden, the state must only show that it is reasonably certain that substitutions, alterations, or tampering did not occur. Id. The state does not have to negate all possibilities of substitution or tampering. Id. Any breaks in the chain of custody go to weight of the evidence, not to its admissibility. Id.
Since breaks in the chain of custody go to weight of the evidence and not to admissibility, Exhibits 2, 3, 4, 5, 6, and 7 were properly admitted. Appellee established whose hands the evidence traveled through up to the trial. Cranston delivered the evidence to Tri-State Lab. Planey analyzed the evidence. Detective Gary Flores picked up the evidence. The fact that Cranston delivered the evidence to the receptionist at Tri-State Lab and did not see what she did with it after he left may go to the weight the jury gave to the evidence but should not render it inadmissible.
Appellant also alleges that since evidence from other cases was kept on the same shelf in the evidence room the evidence from this case could have been commingled with that of another case. However, there was no evidence introduced at trial to support this allegation. Appellant's second assignment of error therefore lacks merit.
Appellant's third assignment of error states:
 "THE TRIAL COURT DID NOT COMPLY WITH RULE 32 OF OHIO RULES OF CRIMINAL PROCEDURE"
Appellant argues that the trial court failed to advise him of his appellate rights.
Crim.R. 32(B)(1)(3) provides that after sentencing in a serious offense that has gone to trial, the trial court shall advise the defendant that he or she has a right to appeal the conviction and of the following:
 "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
 "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
 "(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;
 "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf."
In the present case, the trial court did not specifically advise appellant of each of these rights. However, it did advise him that he had a right to appeal and it also stated that it would appoint counsel for him. Absent prejudice to the appellant, any error in the trial court's sentencing of the appellant is deemed harmless. State v.Howard (Mar. 1, 1995), Hamilton App. No. C-940544, unreported, 1995 WL 84127; Crim.R. 52(A). Appellant exercised his appellate rights in a timely manner and has suffered no prejudice as result of the trial court's failure to advise him of these rights in full. Therefore, the trial court's error was harmless. Appellant's third assignment of error is without merit.
Appellant's fourth assignment of error states:
 "THE TRIAL COURT ERRED IN ORDERING FURTHER JURY DELIBERATION IN REGARD TO AMOUNT OF COCAINE"
Appellant argues that the trial court acted improperly by instructing the jury to deliberate further to try to determine the amount of cocaine which they agreed that appellant had possessed. Appellant objected to the instructions at the time and also moved for a mistrial, which was overruled. Appellant argues that since the jury decided that appellant did not possess between 100 and 500 grams of powdered cocaine, they did not find him guilty of the offense charged.
When the jury returned with a verdict of guilty as to count one, they indicated that appellant possessed less than 100 grams of cocaine. The court sent them back to determine what amount they believed beyond a reasonable doubt that appellant actually possessed, over appellant's objection. The jury subsequently told the court that they were unable to agree as to what amount of cocaine appellant possessed. The court then gave them what is commonly known as the Howard charge, to which appellant objected. The Howard charge is a supplemental charge the court gives when the jury cannot reach a verdict. State v. Howard (1989), 42 Ohio St.3d 18.
An offense may be a lesser included offense of another if: the offense carries a lesser penalty than the other; the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988),40 Ohio St.3d 205, paragraph three of the syllabus.
The first question that must be addressed is whether R.C.2925.11(A)(C)(4)(a), which appellant was convicted of, is a lesser included offense of R.C. 2925.11(A)(C)(4)(d), which appellant was initially charged with. Both offenses require that no person knowingly obtain, possess, or use a controlled substance. R.C.2925.11(A). For both, if the drug involved is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates section (A) is guilty of possession of cocaine. R.C. 2925.11(C)(4).
The only difference between the offenses is the amount of cocaine involved. Subdivision (a) provides that except as provided in division (C)(4)(b), (c), (d), (e), or (f), possession of cocaine is a fifth degree felony and R.C. 2929.13(B) applies in determining whether to impose a prison term on the offender. R.C.2925.11(C)(4)(a). Subdivision (d) provides that if the amount of the drug involved equals or exceeds 100 grams but is less than 500 grams of cocaine that is not crack cocaine or equals or exceeds ten grams but is less than twenty-five grams of crack cocaine, possession of cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a second degree felony. R.C.2925.11(C)(4)(d).
A fifth degree felony carries with it a lesser penalty than a second degree felony. Since the only difference between the two offenses is the amount of cocaine involved, the greater offense can never be committed without the lesser offense also being committed. Accordingly, R.C. 2925.11(A)(C)(4)(a) is a lesser included offense of R.C. 2925.11(A)(C)(4)(d).
The next question is whether the jury instruction on the lesser included offense was proper. A jury instruction on a lesser included offense is required when the evidence presented at trial supports an acquittal on the crime charged and a conviction on a lesser included offense of the crime charged. State v. Thomas
(1988), 40 Ohio St.3d 213, 216.
At trial, appellant denied any knowledge of the 104.362 grams of cocaine allegedly found in the clear plastic bags inside a boot. However, he did admit to using cocaine on New Year's Eve. He also admitted that one of the plates and the razor blade recovered in the raid had some powder cocaine on it left over from his New Year's Eve holiday celebration. Planey, the forensic scientist, testified that the vials, plates, straw, and razor blade recovered in the raid contained cocaine and cocaine residue with a weight of 0.063 grams. Given this evidence, it would be reasonable for the jury to believe that the bags containing 104.362 grams of powder cocaine did not belong to appellant, and that the 0.063 grams of cocaine and the residue from the vials, plates, straw and razor blade did belong to appellant. Thus, the trial court properly gave the instruction on the lesser included offense.
As to the use of the Howard supplemental charge, the Ohio Supreme Court has repeatedly approved of its use with deadlocked juries. See State v. Dennis (1997), 79 Ohio St.3d 421; State v.Loza (1994), 71 Ohio St.3d 61.
Accordingly, appellant's fourth assignment of error lacks merit.
Appellant's fifth assignment of error states:
 "THE TRIAL COURT PREJUDICED THE DEFENDANT BY PROVIDING THE JURY WITH IMPROPER INSTRUCTIONS"
Appellant is challenging two of the court's initial jury instructions which he claims were prejudicial to him. The trial court instructed the jury:
 "I stated to you during the jury selection process, as a jury you decide the disputed facts. I will decide what is law. I determine that the evidence you hear in this case is legal and proper. Therefore, in performing my duties, the Court has already made the legal ruling that the search warrant was valid and proper and gave the police officers the authority to search the premises known as 1121 Springdale Street in Youngstown, Ohio. Likewise, the statements that the defendant is alleged to have made were legally obtained and admissible.
 "Along those lines, it is not for the jury to decide whether the police officers were legally correct or not correct in searching the residence at 1121 Springdale Street or whether the alleged statements of the defendant were legally obtained. As a matter of law, the officers had the right to do what they did in effectuating the search and the alleged statements were admissible. The question is whether you believe the witness or witnesses testimony and the weight you give to their testimony." (Tr. 1235-1237)
Appellant argues that this instruction implies to the jury that they need not consider the credibility of witness testimony.
The trial court also instructed the jury:
 "If you find the State proved beyond a reasonable doubt all the essential elements of possession of cocaine, you will then consider the additional finding concerning the amount of cocaine involved. If you find the State proved beyond a reasonable doubt that the amount of cocaine involved was greater than 100 grams but less than 500 grams, please indicate this on the additional finding verdict form. If you find the State failed to prove beyond a reasonable doubt that the amount of cocaine was greater than 100 grams but less than 500 grams, or are unable to agree, you shall find the defendant guilty and specify on the additional finding form the amount of controlled substance that you agree on beyond a reasonable doubt." (Tr. 1240-41)
Appellant argues that the trial court did not provide the jury with a lesser included offense instruction but instead ordered the jury to find him guilty of a lesser included offense.
In the case at bar, appellant did not object to the initial jury instructions. Absent plain error, the failure to object to a jury instruction constitutes a waiver of the issue on appeal.State v. Underwood (1983), 3 Ohio St.3d 12, syllabus; Crim.R. 30. Plain error should be invoked only to prevent a clear miscarriage of justice. Id. at 14. Plain error is one in which but for the error, the outcome would have been different. State v. Long
(1978), 53 Ohio St.2d 91, 97.
In examining the trial court's jury instructions we must review the court's charge as a whole, not in isolation, in determining whether the jury was properly instructed. State v.Burchfield (1993), 66 Ohio St.3d 261, 262.
Appellant argues that the first of the two instructions implies to the jury that they need not consider the credibility of the witnesses. The court was merely instructing the jury that it would rule on the issues of law such as admissibility of evidence. A few sentences later the court instructs the jury: "The question is whether you believe the witness or witnesses testimony and the weight you give to their testimony." (Tr. 1236-37). The court explicitly told the jury that they were to decide whether or not to believe the witnesses and how much importance to give to the testimony.
In the second contested instruction the court was informing the jury as to the lesser included offense. It instructed them that if they found that appellee proved all of the elements of possession of cocaine then they were to move on to consider how much cocaine appellant possessed. The court specifically addressed the issue of the additional finding as to the amount of cocaine by instructing the jury:
 "Two more forms that you have to be aware of, the additional finding as to the Quantity of Controlled Substance in Count 1. It also has a similar caption. Basically it says: We, the jury in the case, further find by proof beyond a reasonable doubt that on or about the 19th day of February, 1998, the defendant, Robert McElroy, did or did not, and then bracket, the words circle one, close bracket, possess cocaine, and that it is — or was in the amount greater than 100 grams but less than 500 grams. If you find that he did not possess in the above stated amount, insert the amount you believe, beyond a reasonable doubt that the defendant, Robert McElroy, did possess." (Tr. 1262-63)
At no time does the court tell the jury that they must find appellant guilty of the lesser included offense. Appellant provides no support to the contrary.
Considering the court's jury charge as a whole, neither of these instructions amount to a clear miscarriage of justice. Thus, appellant's fifth assignment of error is without merit.
Appellant's sixth assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN SUSTAINING THE PROSECUTOR'S MOTION IN LIMINE AND RESTRICTING DEFENSE COUNSEL ACCORDINGLY"
Appellee filed a motion in limine asking the court to restrict appellant's counsel from bringing in witnesses and asking questions about alleged misconduct in the Sheriff's Department including such things as false search warrants, false drugs, and media coverage of the Sheriff and some deputies.
Appellant argues that the court restricted cross-examination in areas that were not the subject of the motion in limine.
A ruling on a motion in limine is a ruling to exclude or admit evidence. State v. Jones (June 26, 1998), Mahoning App. No. 95-CA-88, unreported, 1998 WL 355852. Therefore, the standard of review is whether or not the trial court abused its discretion.Id.
Appellant wished to cross-examine Deputy Allen about what other deputies on the Sheriff's Department did in regard to preparing false affidavits and planting false drugs. The court previously ruled, in sustaining appellee's motion in limine, that this line of questioning may be inappropriate and that appellant's counsel should first proffer questions of this nature to the court to decide whether they could be asked of the witness. The ruling was based on the fact that appellant's proposed line of questioning was not relevant to the present case in that it did not pertain to any of the deputies involved in preparing the affidavit for the search warrant of appellant's house. This line of questioning had the potential of confusing and prejudicing the jury. This evidentiary ruling was within the court's sound discretion. Therefore, appellant's sixth assignment of error is without merit.
Appellant's seventh assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING A PROSECUTING WITNESS TO BE RECALLED FOR DIRECT TESTIMONY"
Appellant argues that the trial court should not have allowed appellee to recall Officer Cranston for direct examination.
The recall of a witness is within the sound discretion of the trial court. State v. Spirko (1991), 59 Ohio St.3d 1, 28. Accordingly, the standard of review is abuse of discretion. Id.
Appellee recalled Detective Cranston after appellant introduced an evidence logbook while cross-examining Detective Gary Flores. The evidence logbook contained some entries to which Flores testified that he guessed were made by Cranston. He also testified as to some other notations that Cranston may have made or omitted. Appellant had not introduced the evidence logbook when Cranston testified initially.
The trial court was within its discretion in allowing appellee to recall Cranston to testify about the newly introduced evidence log. Accordingly, appellant's seventh assignment of error lacks merit.
Appellant's eighth assignment of error states:
 "THE DEFENDANT-APPELLANT WAS PREJUDICED BY THE TRIAL COURT'S EXCLUSION OF TESTIMONY FROM A DEFENSE WITNESS"
Appellant seems to be arguing that certain testimony was not hearsay and therefore should have been permitted.
A trial court has broad discretion in admitting or excluding evidence. State v. Sage (1987), 31 Ohio St.3d 173, 182. An appellate court will not disturb the exercise of the trial court's discretion absent a showing that the accused has suffered material prejudice. Id.
Hearsay is defined as, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay is inadmissible. Evid.R. 802.
On direct examination of Latraiel Alexander, appellant's girlfriend, appellant's counsel attempted to question her about what Sheriff Chance had allegedly said to her and asked her during the raid and also about what she was told was found in the house. The trial court sustained appellee's objections to this line of questioning. If the court had permitted her to answer these questions, she would have had to testify as to hearsay. Appellant has not presented any argument that the testimony his counsel attempted to elicit from Alexander was not hearsay or that it falls into one of the hearsay exceptions. Accordingly, appellant's eighth assignment of error is without merit.
Appellant's ninth and final assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT-APPELLANT"
Appellant argues that the trial court discriminated against him by sentencing him to a more severe sentence than was necessary.
Appellant was found guilty as to Count 1 of a lesser included offense, a felony of the fifth degree and guilty as to Count 2, a felony of the fourth degree. According to R.C. 2929.14(A)(4)(5), a fourth degree felony carries with it a possible prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months and a fifth degree felony carries with it a possible prison term of six, seven, eight, nine, ten, eleven, or twelve months.
R.C. 2953.08(A)(2) provides for the appeal of a sentence when the sentence consists of a prison term and the offense for which it is imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code and that is specified as being subject to R.C. 2929.13(B) for purposes of sentencing and the court did not specify at sentencing that it found one or more factors listed in R.C. 2929.13(B)(1)(a) to (h) to apply.
R.C. 2953.08(G)(1) provides that an appellate court hearing on appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
 "(b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense;
" * * *
 "(d) That the sentence is otherwise contrary to law."
R.C. 2929.13(B) sets forth the procedures for determining whether to impose a prison term when sentencing an offender for a felony of the fourth or fifth degree. The sentencing court shall make a finding as to whether any of a number of factors apply. R.C. 2929.13(B)(1)(a) to (i). Except as provided in R.C. 2929.13(E)(F)(G), if the court does not make a finding as described above and if the court, after considering the factors set forth in R.C. 2929.12, finds that community control sanctions are consistent with the purposes and principles of R.C. 2929.11, the court shall impose a community control sanction upon the offender. R.C.2929.13(B)(2)(b).
For any drug offense that is a violation of R.C. 2925 and that is a felony of the third, fourth, or fifth degree, the applicability of a presumption in favor of a prison term shall be determined as specified in R.C. 2925.02, 2925.03, 2925.04, 2925.05, 2925.06, 2925.07, 2925.11, 2925.13, 2925.22, 2925.23, 2925.36, or 2925.37, whichever is applicable. R.C. 2929.13(E)(1). For a felony drug offense that is a violation of R.C. 2925 for which a presumption of prison is specified as being applicable, it is presumed that a prison term is necessary to comply with the purposes and principles of sentencing under R.C. 2929.11. R.C.2929.13(D).
Count 2 of which appellant was convicted carries with it a presumption of prison. R.C. 2925.11(A)(C)(4)(b). Therefore, the trial court followed the correct procedure in sentencing appellant. The court did not make a finding of one of the factors listed in R.C. 2929.13(B)(1)(a) to (h). This led the court to R.C. 2929.13(B)(2)(b) which directed it to follow R.C. 2929.13(E) which instructed the court to follow the presumption set out in R.C. 2925.11(A)(C)(4)(b) since appellant was convicted of a drug offense that was a violation of R.C. 2925 and a felony of the fourth degree.
There is a statutory presumption in favor of the imposition of the shortest prison term authorized for the offense for offenders who previously have not served a prison term. R.C.2929.14(B). The sentencing court may impose a prison term longer than the minimum authorized but shorter than the maximum authorized, if the court finds on the record that the minimum term would demean the seriousness of the offense or would not adequately protect the public. R.C. 2929.14(B).
In the present case, there is no indication that appellant has previously served a prison term, therefore he is entitled to the presumption of the shortest prison term authorized. The court sentenced appellant to seventeen months for the fourth degree felony and ten months for the fifth degree felony to be served concurrently. Both sentences are longer than the minimum term and shorter than the maximum term authorized by R.C. 2929.14(A)(4)(5). To overcome the presumption, the court properly found on the record that, "the shortest prison term possible will demean the seriousness of this offense, and will not adequately protect the public." (Sentencing Tr. 8-9). The court made this determination after considering appellant's pre-sentence investigation report, oral statements, the principles and purposes of R.C. 2929.11 and 2929.12 and the finding that appellant had been under community control sanctions on four occasions in the past for four different felonies and therefore, was not amenable to community control.
Appellant also argues that the factors listed in R.C.2929.12(E) indicate that he is unlikely to commit future crimes, however, several of these factors do not apply to him. R.C.2929.12(E) provides:
 "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
Appellant pled guilty to a criminal offense in the past and has several convictions on his record. Also, appellant showed no remorse for this offense. Accordingly, appellant's ninth assignment of error lacks merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs; see concurring opinion
Waite, J., concurs