DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Victor Lampkin, appeals from his conviction in the Lucas County Court of Common Pleas for domestic violence, a third degree felony. For the reasons that follow, we affirm.
 {¶ 2} Appellant was indicted on January 29, 2007, for one count of domestic violence, a violation of R.C. 2919.25(A) and (D)(4). A jury trial commenced on March *Page 2 
28, 2007. The victim testified that she is appellant's ex-wife and that they have five children together. On November 22, 2006, appellant, who did not reside with his ex-wife, called her and asked her to give him a ride somewhere. She declined. Later, the victim testified that she was at her next door neighbor's house when she saw appellant pull up in front of her house. As appellant walked through the front door, his ex-wife came in the house through the back door. Appellant began yelling at her and spit in her face. She testified that she pushed appellant away. Appellant then poured a canned drink over her head and punched her in the face, breaking her glasses, and also punched her in the jaw. The victim testified that appellant then proceeded to "tear up [her] house." He threw a computer monitor into a wall and shattered the glass on a glass coffee table. Before leaving the house, appellant threw the remainder of the table out the front door.
 {¶ 3} Toledo Police Officer Scott Mills testified that he was dispatched to the victim's house on November 22, 2006 for a domestic violence call. The first thing he noticed when he arrived was that there was broken glass everywhere from the broken coffee table. He testified that that the rest of the house was disheveled and that the victim was visibly upset and had sustained an injury to her mouth. Officer Mills testified that the victim identified appellant, her ex-husband, as the person who had injured her and destroyed her property.
 {¶ 4} Appellant took the stand in his own defense. He admitted that he went to his ex-wife's home on November 22, 2006 but he testified that he did it because his nine year-old son had called him and said that his ex-wife had left the children alone. When *Page 3 
appellant arrived at the home, he found that his young children had been left alone so he began to pack their belongings to take them where he was living. While he was packing, he testified, that his ex-wife came home. He denied spitting on her, punching her and dousing her with liquid. He further denied damaging the coffee table. Appellant acknowledged that he has two prior convictions for domestic violence against his ex-wife.
 {¶ 5} On March 29, 2007, the jury found appellant guilty of domestic violence in the third degree. He was sentenced to three years in prison. Appellant now appeals setting forth the following assignments of error:
 {¶ 6} "I. Defendant's conviction was against the manifest weight.
 {¶ 7} "II. The trial court abused its discretion in denying defendant's request for a pre-sentence investigation report.
 {¶ 8} "III. The trial court erred by injecting a requirement into the `credibility' jury instruction when such did not exist."
 {¶ 9} In his first assignment of error, appellant contends his conviction is against the manifest weight of the evidence.
 {¶ 10} Appellant was convicted of R.C. 2919.25(A) and (D)(4) which provides:
 {¶ 11} "No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 12} "* * * *Page 4 
 {¶ 13} "If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree * * *"
 {¶ 14} A verdict or finding may be overturned on appeal if it is against the manifest weight of the evidence. In reviewing whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The trier of fact may believe all, part or none of the testimony of witnesses before it.State v. Maine, 4th Dist. No. 04CA46, 2005-Ohio-3742, ¶ 20; State v.Antill (1964), 176 Ohio St. 61, 67.
 {¶ 15} The jury in this case heard the testimony of the three witnesses and saw photographic evidence of the damage to the victim's house and the injury to her jaw. In this matter, the jury apparently did not believe appellant's testimony. Having reviewed the transcript of the proceedings in its entirety, we can find nothing to suggest the trier of fact lost its way or that a manifest miscarriage of justice requires a new trial. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 16} In his second assignment of error, appellant contends that the trial court abused its discretion in denying appellant's request for a presentence investigation report. *Page 5 
Crim.R. 32.2, governing presentence investigations, mandates that such reports are required only in instances when the court imposes community control sanctions or probation. Thus, as appellant was sentenced to a prison term, there was no requirement that the court order a presentence investigation report. See State v. Cyrus (1992), 63 Ohio St.3d 164, syllabus. Appellant's second assignment of error is found not well-taken.
 {¶ 17} In his third assignment of error, appellant contends that the court erred in instructing the jury on the issue of credibility.
 {¶ 18} Crim.R. 30(A) provides in pertinent part, "[O]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." The failure to object to jury instructions constitutes a waiver of that issue absent plain error.State v. Bridge, 3d Dist. No. 1-06-30, 2007-Ohio-1764, ¶ 19, citingState v. Underwood (1983), 3 Ohio St.3d 12, 13.
 {¶ 19} In the present case, appellant did not object to the jury instructions at trial. Thus, we will review the trial court's jury instructions under the plain error standard. "Under the plain error standard, the appellant must demonstrate that, but for the error, the outcome of his trial would clearly have been different." Id. ¶ 20, citations omitted.
 {¶ 20} Appellant contends that the court erred in instructing the jury that:
 {¶ 21} "If you conclude that a witness has willfully lied in this or her testimony as to a material fact, you may distrust all of his or her testimony, and you would then have *Page 6 
the right to reject all of his or her testimony unless from all of the evidence you may believe that the probability of truth favors his or her testimony in other particulars."
 {¶ 22} Appellant contends that by using the word willfully in the above instruction, the court unfairly heightened the standard by which the jury is to examine witnesses' testimony. Appellant contends that a jury should only be instructed according to the Ohio Jury Instructions, specifically OJI 405.20(4) which states:
 {¶ 23} "You are not required to believe the testimony of any witness simply because he or she was under oath. You may believe or disbelieve all or any part of the testimony of any witness. It is your province to determine what testimony is worthy of belief and what testimony is not worthy of belief."
 {¶ 24} While Ohio Jury Instructions are routinely used in Ohio, they do not have to be blindly applied in all cases. State v. Burchfield
(1993), 66 Ohio St.3d 261, 263. In this case, the court did in fact read the above jury instruction from OJI 405.20(4) in addition to the instruction using the word willfully. A single jury instruction may not be judged in artificial isolation, but must be viewed in the context of the overall charge. State v. Price (1979), 60 Ohio St.2d 136, paragraph four of the syllabus. When the credibility instruction is viewed in its entirety, it is clear that the outcome of this trial would still be the same whether or not the word "willfully" was used in the credibility instruction. Appellant's third assignment of error is found not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 7 
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1