[Cite as *State v. Johnson*, 2012-Ohio-5363.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 MA 127 |
| | ) | |
| GERALD JOHNSON, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 10CR449

JUDGMENT:                        Affirmed

APPEARANCES:
For Plaintiff-Appellee           Paul Gains
                                 Prosecutor
                                 Ralph M. Rivera
                                 Assistant Prosecutor
                                 21 W. Boardman St., 6th Floor
                                 Youngstown, Ohio 44503

For Defendant-Appellant          Joseph W. Gardner
                                 4280 Boardman-Canfield Road
                                 Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 14, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Gerald Johnson, appeals from a Mahoning County Common Pleas Court judgment convicting him of aggravated robbery, felonious assault, possessing a firearm while under disability, and a firearm specification following a jury trial.

{¶2} On April 27, 2010, at approximately 11:00 p.m., truck drivers Bruce Kristiansen and Ian Irwin parked their truck in the parking lot of the Dollar General Store on Market Street in Youngstown. The two men went to sleep in the cab of the truck awaiting their 6:00 a.m. delivery time. Kristiansen awoke shortly after 5:00 a.m., exited the truck, and began to prepare for the delivery. Appellant happened to be walking near the Dollar General store at that time and approached Kristiansen.

{¶3} According to Kristiansen, appellant pulled a gun from his pocket and demanded Kristiansen's wallet. Kristiansen threw his wallet on the ground. A struggle then ensued, during which the gun discharged.

{¶4} According to appellant, Kristiansen asked him if he had any crack or if he could get some crack. Appellant said "yes." Kristiansen gave appellant some money and appellant began to walk away to get the drugs. Kristiansen then pulled out a gun, appellant grabbed for it, and a struggle ensued.

{¶5} While appellant and Kristiansen wrestled over the gun, Irwin awoke from his sleep. Irwin managed to pull the gun away and held appellant down against the ground. A cab driver passing by called 911 and police arrived.

{¶6} A Mahoning County Grand Jury indicted appellant on one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1)(C); one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1)(D); and one count of having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3)(B). The aggravated robbery and felonious assault charges were accompanied by firearm specifications.

{¶7} The matter proceeded to a jury trial on the aggravated robbery and felonious assault charges and on the firearm specifications. The trial court heard evidence simultaneously, as part of the jury trial, on the having weapons while under disability charge. The jury found appellant guilty as charged. The court also found

appellant guilty of having weapons while under disability.

{¶8} The trial court later sentenced appellant to seven years in prison for aggravated robbery and three years for the firearm specification, to be served prior to and consecutive to the seven years. It sentenced appellant to seven years for felonious assault, to be served concurrent to the seven years for aggravated robbery, and merged this firearm specification with the other firearm specification. Finally, the court sentenced appellant to seven years for having weapons under disability, to be served concurrent with his other seven-year sentences. Thus, appellant's aggregate sentence was ten years.

{¶9} Appellant filed a motion for leave to file a delayed notice of appeal on August 30, 2011, which this court granted.

{¶10} Appellant raises a single assignment of error, which states:

> THREE ERRORS RESULTED FROM PROSECUTOR'S CLOSING REBUTTAL. FIRST, THE PROSECUTOR MISSTATED THE LAW. WITNESS CORROBORATION IS NOT NECESSARY TO DETERMINE CREDIBILITY. SECOND, DEFENSE COUNSEL FAILED TO DEMAND AN INSTRUCTION WHEN THIS ERROR WAS MADE. FINALLY, THE JUDGE FAILED TO GIVE AN IMMEDIATE INSTRUCTION AND FAILED TO INCLUDE AN INSTRUCTION IN HIS ORAL AND WRITTEN CHARGE TO THE JURY. THESE MISTAKES WERE PLAIN ERROR, PREJUDICIAL AND DEPRIVED THE DEFENDANT OF A FAIR TRIAL.

{¶11} Appellant's assignment of error takes issue with a comment by the prosecutor during closing arguments:

> I don't doubt that Gerald Johnson was in that area for maybe the reasons that he said. But there is absolutely nothing that tells you that anything else he said is credible, not one thing. Attorney Lavelle is right. He doesn't have to prove that he is not guilty. I have to prove

*that he is guilty. But if he is going to take that witness stand and tell you those things, there has got to be something there to corroborate it, just like any other witness, and there is nothing.*

(Emphasis added; Tr. 620). Appellant's counsel objected to this statement and the trial court sustained the objection. (Tr. 620). The prosecutor then continued her argument stating: "Did you see any medical records? Did you see anything? No." (Tr. 620).

**{¶12}** Appellant breaks his assignment of error down into several allegations of error. Appellant argues that the prosecutor erred in continuing her comment after the trial court sustained defense counsel's objection. He contends the trial court erred by failing to give an immediate curative instruction and by not including an instruction that "the testimony of one witness, if believed, is sufficient to prove any disputed fact." And appellant asserts that his counsel was ineffective for failing to object to the jury instructions because they did not include the above instruction. Due to these errors, appellant argues the jury was misled into believing that his testimony needed corroboration in order to be credible.

**{¶13}** Initially, we should note that defense counsel objected to the prosecutor's statement that there had to be some evidence to corroborate appellant's testimony. (Tr. 620). The trial court sustained this objection. (Tr. 620). Because the defense's objection was sustained, there was no error here. *State v. Hale*, 119 Ohio St.3d 118, 892 N.E.2d 864, 2008-Ohio-3426, ¶182, citing *Viox v. Weinberg*, 169 Ohio App.3d 79, 861 N.E.2d 909, 2006-Ohio-5075, ¶36. Additionally, in instructing the jury, the court told the jury they were not to consider statements to which objections were sustained and were to act as though they did not hear these statements. (Tr. 627-628).

**{¶14}** Appellant did not object to the jury instructions. Generally, the failure to object to an alleged error waives all but plain error on appeal. *State v. Krupa*, 7th Dist. No. 09-MA-135, 2010-Ohio-6268, ¶57. But a defendant's claim that his counsel was ineffective for failing to object eliminates the requirement that an objection be made in order to preserve an error for appeal. *Id.*, citing *State v. Carpenter*, 116 Ohio

App.3d 615, 621, 688 N.E.2d 1090 (2d Dist.1996). Because appellant now asserts that his counsel was ineffective for failing to lodge an objection, we will not apply the plain error standard.

{¶15} A defendant is entitled to have the trial court give complete and accurate jury instructions on all the issues raised by the evidence. *State v. Sneed*, 63 Ohio St.3d 3, 9, 584 N.E.2d 1160 (1992). In examining the jury instructions we must review the court's charge as a whole in determining whether the jury was properly instructed. *State v. Burchfield*, 66 Ohio St.3d 261, 262, 611 N.E.2d 819 (1993). We review the trial court's jury instructions for abuse of discretion. *State v. Wolons,* 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶16} Thus, we must consider the relevant jury instructions. In discussing credibility, the court instructed the jury:

> To determine the credibility of a witness, you will apply the tests of truthfulness which you are accustomed to apply in your daily lives.

> You may consider the appearance of the witness upon the stand; the manner of testifying; the reasonableness of the testimony; the opportunity each witness had to see, hear, and know the things concerning which he or she testified; accuracy of memory; frankness, or lack of it; intelligence, interest, and bias, if any; together with all the facts and circumstances surrounding the testimony. Applying these tests, you will assign to each witness such weight as you deem proper.
>                    * * *
> You are not required to believe the testimony of any witness simply because he or she was under oath. You may believe or disbelieve any, all, or any part of the testimony of any witness. It is your province to determine what testimony is worthy of belief and what testimony is not worthy of belief.

(Tr. 628-629).

**{¶17}** And in discussing the weight of appellant's testimony, the court instructed: "The defendant - - the testimony of the defendant is to be weighed by the same rules that apply to other witnesses." (Tr. 630).

**{¶18}** These instructions clearly communicated to the jury that they were to carefully consider and weigh each witness's testimony. The instructions further conveyed to the jury that they could believe all, part, or none of each witness's testimony. And the court made clear that the jury was to consider appellant's testimony just as it was to consider the testimony of the other witnesses and to apply the same rules in weighing his testimony. Thus, while the court did not explicitly state "the testimony of one witness, if believed, is sufficient to prove any disputed fact," the court made clear to the jury the manner in which it was to consider and weigh each witness's testimony, including appellant's testimony.

**{¶19}** A jury is presumed to follow the instructions given by the trial court. *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, ¶147; *State v. Treesh*, 90 Ohio St.3d 460, 480, 2001-Ohio-4; *State v. Garner*, 74 Ohio St.3d 49, 59, 656 N.E.2d 623 (1995). Given that the court's instructions were proper and complete and given this presumption, we must conclude that the jury properly weighed and considered appellant's testimony along with the rest of the testimony.

**{¶20}** Accordingly, appellant's sole assignment of error is without merit.

**{¶21}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.