[Cite as *State v. Schwab*, 2014-Ohio-336.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA39 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | GRANTING APPLICATION FOR |
| TERRY SCHWAB, | : | RECONSIDERATION |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 01/21/14** |

_____

APPEARANCES:

David J. Winkelmann, Athens, Ohio, for appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, for appellee.
_____

Harsha, J.

{¶1}   The state of Ohio, seeks reconsideration of our decision in *State v. Schwab*, 4th Dist. Athens No. 12CA39, 2013-Ohio-4349, which sustained appellant Terry Schwab's first assignment of error and reversed his conviction for corrupting another with drugs.

{¶2}   Because the state's unopposed motion calls to our attention an error in our holding that was not fully considered when it should have been, we grant the motion.  In our decision we held that there was insufficient evidence to support Schwab's conviction for corrupting Tara Crego, the minor daughter of his fiancée, because the state failed to introduce evidence that he furnished or administered Oxycodone to Crego during the March 9 incident.

{¶3}   However, the trial court instructed the jury that for purposes of the R.C. 2925.02(A)(4) charge, "furnished" means "provided, supplied, or gave access to."  In his appellate brief, Schwab conceded that the trial testimony established that he "kept his medications in a kitchen cabinet, to which anyone in the home had access."  Based on this testimony, there was sufficient evidence to support Schwab's conviction for R.C. 2925.02(A)(4), and that conviction was not against the manifest weight of the evidence. Therefore, we vacate that portion of our decision partially sustaining Schwab's first assignment and finding the second assignment of error moot.  We now overrule Schwab's first and second assignments of error, and affirm his convictions and sentence in their entirety.

## I. FACTS

{¶4}   A jury convicted Schwab of multiple offenses stemming from two separate incidents.  For the March 9, 2011 incident, the jury found him guilty of complicity to aggravated trafficking in drugs (Oxycodone) in the vicinity of a juvenile, (2) corrupting another with drugs (Oxycodone), and (3) complicity to trafficking in drugs (Alprazolam) in the vicinity of a juvenile.  For the April 1, 2011 incident, the jury found him guilty of (1) corrupting another with drugs (Oxycodone), and (2) complicity to aggravated possession of drugs (Oxycodone) in an amount equal to or in excess of five times the bulk amount but less than 50 times the bulk amount.

{¶5}   After sentencing Schwab appealed, claiming in his first assignment of error that insufficient evidence exists to support his convictions and claiming in his second assignment of error that his convictions are against the manifest weight of the evidence.  We sustained that portion of Schwab's first assignment of error concerning

his conviction for corrupting Crego with drugs for the March 9 incident, reversed the

conviction, ruled that his second assignment of error was moot regarding this

conviction, and remanded the cause for the trial court to discharge him on that charge.

*Schwab*, 2013-Ohio-4349, at ¶ 35, 43.  For the remainder of Schwab's convictions, we

overruled his assignments of error and affirmed his convictions.  *Id.*

{¶6}    The state filed an application for reconsideration under App.R. 26(A).

Schwab did not oppose the application.

## II.  ASSIGNMENT OF ERROR

{¶7}    The state assigns the following error for our review:

*Assignment of Error I:  This Court erred when it found that there was no
evidence that Appellant furnished or administered Oxycodone to Crego
during the March 9 controlled drug purchase.*

## III.  STANDARD OF REVIEW

{¶8}    The test generally applied upon the filing of a motion for reconsideration in

the court of appeals is whether the motion calls to the attention of the court an obvious

error in its decision or raises an issue for consideration that was either not considered at

all or was not fully considered by the court when it should have been.  *State v. Gregory*,

4th Dist. Pickaway No. 97CA33, 2998 WL 914242; *State v. Wheeler*, 4th Dist.

Washington No. 04CA1, 2005-Ohio-479, ¶ 7.

## IV.  LAW AND ANALYSIS

{¶9}    The state argues in its unopposed motion for reconsideration that we

erred in finding that there was no evidence that Schwab furnished or administered

Oxycodone to Crego for the March 9 incident.  In partially sustaining Schwab's first

assignment of error for this incident, we relied on the *Black's Law Dictionary* definition of

"furnish" to find that there was insufficient evidence to support Schwab's conviction for

corrupting another with drugs:

> *Black's Law Dictionary* 466 (Abridged 6th Ed.1991) defines "furnish" to mean "[t]o supply, provide, or equip, for accomplishment of a particular purpose." For the March 9 incident, we conclude there is no evidence Schwab supplied, provided, or equipped Crego with Oxycodone for any purpose. All of the evidence indicates Crego handled the Xanax and Fidell handled the Oxycodone during the transaction with Vore. Because no evidence exists that Schwab furnished or administered Oxycodone to Crego during the March 9 incident, we find there is insufficient evidence to support that conviction for corrupting another with drugs and reverse it.

*Schwab* at ¶ 34.

**{¶10}** Nevertheless, as the state now brings to our attention on reconsideration,

through counsel Schwab stipulated to the trial court's jury instructions, which defined

"furnished" with the language used in *Ohio Jury Instructions* at CR Section 525.02(9), as

meaning "provided, supplied, or gave access to." And in his appellate brief, Schwab

conceded that Crego's trial testimony established that he "kept his medications in a

kitchen cabinet, to which anyone in the home had *access*." (Emphasis added.) *See*

*also State v. Hardison*, 9th Dist. Summit No. 23050, 2007-Ohio-366, ¶ 28-31 (conviction

for corrupting another with drugs under R.C. 2925.04(A)(4) not against the manifest

weight of the evidence because testimony supported finding that defendant gave

access to drugs to minor by hiding them in the minor's dresser drawer).

**{¶11}** Under these unique circumstances—(1) Schwab's waiver of any error in

the trial court's jury instructions on this point, *see State v. Alexander*, 4th Dist. Adams

No. 12CA945, 2013-Ohio-1913, ¶ 27 (failure to object to jury instructions at trial waives

all but plain error on appeal), (2) his failure to claim plain error regarding this issue on

appeal, (3) his admission that Schwab, in effect, furnished the Oxycodone to Crego on

March 9 by giving her access it, (4) the state's raising of an issue on reconsideration that we did not fully consider when we issued our prior decision, and (5) Schwab's failure to oppose the state's application for reconsideration—the state has established that we erred in concluding that no evidence existed to support his conviction for corrupting Crego with Oxycodone for the March 9 incident.

{¶12}  By not objecting to the jury instructions on this point or raising the specific issue of impropriety of the instructions on appeal and admitting that Schwab gave Crego access to the Oxycodone on March 9, Schwab essentially conceded that there was sufficient evidence to support his conviction.  As noted in our opinion, "Schwab does not dispute the fact that he knew Crego was a juvenile when the March 9 incident occurred" and he "also does not dispute the fact that she was at least two years his junior." *Schwab* at ¶ 31.

{¶13}  And after reviewing the entire record we cannot say that the jury either lost its way or created a manifest miscarriage of justice when it found him guilty of corrupting Crego with drugs in the March 9 incident.  That is, the conviction for corrupting another with drugs was not against the manifest weight of the evidence.  By so holding, we leave open the issue not raised here of whether the trial court's instructions were appropriate.  The mere fact that these instructions followed the one set forth in *Ohio Jury Instructions* did not insulate it from potential error.  *See State v. Burchfield*, 66 Ohio St.3d 261, 263, 611 N.E.2d 819 (1993) ("While [*Ohio Jury Instructions*] is widely used in this state, its language should not be blindly applied in all cases").

V.  CONCLUSION

{¶14} Therefore, we grant the state of Ohio's application for reconsideration and vacate the portion of our decision partially sustaining his first assignment of error regarding his conviction for corrupting another with drugs for the March 9 incident. Accordingly, we vacate our order of remand. We also vacate our holding that his second assignment of error is moot concerning the charge. Upon reconsideration, we overrule Schwab's first and second assignments of error in their entirety and affirm his convictions and sentence.

APPLICATION GRANTED AND
JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the APPLICATION FOR RECONSIDERATION IS GRANTED, JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur.

For the Court

BY: _____
　　　William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**