THE STATE OF OHIO, APPELLEE, *v.* PRICE, APPELLANT.

(No. 79-338—Decided December 19, 1979.)

138

Mr. *Richard E. Bridwell,* prosecuting attorney, and *Mr. James R. Krischak,* for appellee.

Mr. *Robert H. Cohen,* for appellant.

WILLIAM B. BROWN, J.

I.

In proposition of law number two, appellant argues that the trial court erred in admitting hearsay testimony of one of Christa G.'s female friends as a spontaneous exclamation. Appellant contends that the hearsay testimony was improperly admitted because the declarant, Christa, in sworn testimony denied uttering the spontaneous exclamation. The testimony concerned events immediately following the alleged rape, and consisted of Christa's statement to this friend that appellant had just raped her. Christa's testimony, however, indicated only that she could not *remember* uttering the statement, not that she denied uttering it. Moreover, there was evidence in the record that Christa was crying and screaming during this period. On these facts, the trial court did not abuse its discretion in admitting the testimony. See *State* v. *Long* (1978), 53 Ohio St. 2d 91, 98. Clearly, the trial court could reasonably determine that the requisites for the admissibility of a spontaneous exclamation as an exception to the hearsay rule established by this court in *State* v. *Duncan* (1978), 53 Ohio St. 2d 215, were satisfied.[2]

---

[2] Paragraph one of the syllabus in *State* v. *Duncan, supra,* reads:

"Testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the trial judge reasonably finds (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective

## II.

Appellant's fifth proposition of law challenges the prosecutor's use of this same female witness' prior sworn statement on re-direct examination to refresh her memory. Appellant first argues that there was no required showing that the witness' memory was exhausted. The record discloses, however, that during cross-examination the witness had difficulty in remembering numerous details, and, further, that the witness acknowledged her inability to remember. On this showing, the trial court did not abuse its discretion by permitting the prosecutor to refresh the witness' memory by showing her the prior sworn statement on re-direct examination.

Additionally, appellant argues that the prosecutor's use of the refreshed material on re-direct examination was not limited in scope to those matters testified to on cross-examination. We do not consider this claim of error since the issue was not raised in any way in the Court of Appeals,[3] nor did the Court of Appeals consider or decide it. *Toledo* v. *Reasonover* (1966), 5 Ohio St. 2d 22; *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 170; *State* v. *Cornely* (1978), 56 Ohio St. 2d 1, 4; *State* v. *Williams* (1977), 51 Ohio St. 2d 112, paragraph two of the syllabus.

## III.

Appellant's first proposition of law argues that the prosecutor's closing remarks to the jury, generally concerning the ages of Christa and the two female witnesses, unfairly ap-

---

faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration. (Paragraph two of the syllabus in *Potter* v. *Baker,* 162 Ohio St. 488, approved and followed.)"

[3] Appellant's fifth assignment of error in the Court of Appeals only challenged the use of the prior statement to refresh the witness' memory. No assignment of error took issue with the scope of the resulting inquiry.

pealed to the passion and prejudice of the jury. The prosecutor counters that the challenged comments constituted a proper response to appellant's attack on their credibility as witnesses. There is little dispute that the crucial issue in the case was the credibility of these witnesses, particularly Christa. Upon consideration of the entire record, we are in agreement with the Court of Appeals in its statement that the prosecutor's closing remarks went "to the issue of the credibility of state's witnesses based on their testimony in open court and***[did] not constitute an invitation to the jury to go beyond the evidence presented at trial." Appellant's right to a fair trial was not adversely affected. See *State* v. *Hill* (1977), 52 Ohio App. 2d 393, 396.

## IV.

Appellant's third proposition of law argues that the trial court's jury instruction unconstitutionally relieved the state of its burden of proof on the issue of criminal intent.

The challenged instruction reads as follows:

"A person acts purposely when the gist of the offense is a prohibition against conduct of a certain nature, *regardless of what the offender intends to accomplish thereby,* it is his specific intention to engage in conduct of that nature. Purpose is the decision of the mind to do an act with a conscious objective of engaging in specific conduct. To do an act purposely is to do it intentionally and not accidentally. Purpose and intent mean the same thing. The purpose with which a person does an act is known only to himself, unless he expresses it to others or indicates it by his conduct. *The purpose with which a person brings about a result is determined from the manner in which it is done,* the means or weapon used, *and all other facts and circumstances in evidence.*" (Emphasis added.)[4]

---

[4] 4 Ohio Jury Instructions Provisional Criminal 409.01 (c), (d) and (e). The first sentence of the instruction (see 409.01 [c]) follows R. C. 2901.22 (A) which reads as follows:

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

The third sentence of the instruction (see 409.01 [d]) follows *White* v. *Maxwell*

Appellant specifically contends that the emphasized parenthetical "regardless of what the offender intends to accomplish thereby" effectively relieves the state of its burden of proof by encouraging the jury to presume criminal intent from conduct. Appellee counters that the instruction must be viewed in the context of the last emphasized sentence of the charge: "The purpose with which a person brings about a result is determined from the manner in which it is done* * * *and all other facts and circumstances in evidence." (Emphasis added.) The overall charge, appellee concludes, merely instructs the jury that they are permitted to infer intent from all the facts and circumstances. *State* v. *Johnson* (1978), 56 Ohio St. 2d 35, 38; *State* v. *Huffman* (1936), 131 Ohio St. 27, paragraph four of the syllabus.

We read the challenged instruction as appellee does, and conclude that it did not direct the jury in a manner that relieved the state of its burden of proving appellant's criminal intent. We reject appellant's suggestion that we parse isolated clauses and in so doing artificially determine the instruction to set forth an unconstitutional presumption. "[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge."[5] *Cupp* v. *Naughten* (1973), 414 U.S. 141, 146-147. Read as a whole, the challenged instruction merely describes a permissive inference.[6]

---

(1963), 174 Ohio St. 186. The last sentence (see 409.01 [e]) follows *State* v. *Huffman* (1936), 131 Ohio St. 27.

[5] Assuming, *arguendo*, that the trial court failed to isolate and cure the alleged undesirable portion of the challenged instruction, this failure itself did not rise to the level of constitutional error. Since the court's instructions on the rape and the kidnapping offenses properly described, *inter alia*, the element of criminal intent, the jury could not have been confused as to the nature of its task. In pertinent part, these latter instructions read as follows: "[To] find the defendant guilty [of rape], you must find beyond a reasonable doubt that* * *the defendant *purposely compelled** * *[the victim] to submit by force or threat of force"; "[to] find the defendant guilty* * *[of kidnapping], you must find* * *that* * *the defendant removed* * *or restrained* * *[the victim]* * *for the *purpose* of engaging in sexual activity with the victim *against her will** *." (Emphasis added.) Given this clarity, the alleged failing of the challenged "instruction [could not] by itself so infect* * *the entire trial that the resulting conviction violates due process." *Cupp* v. *Naughten, supra*, at page 147.

[6] This court has recently discussed the nature of this inference:

" 'The intent of an accused person dwells in his mind. Not being ascertainable by

Recent United States Supreme Court cases striking down various state trial court jury instructions on the issue of criminal intent are distinguishable since those cases presented actual presumptions of either a conclusive or persuasion-shifting variety that relieved the state of its burden of proving criminal intent. In both *Morissette* v. *United States* (1952), 342 U.S. 246, and in *United States* v. *United States Gypsum Co.* (1978), 438 U.S. 422, instructions directing the jury to conclusively presume criminal intent from mere proof of defendants' actions were held unconstitutional because they relieved the state of its duty to prove an indispensable element of a crime beyond a reasonable doubt. Accord, *In re Winship* (1970), 397 U.S. 358, 364. In *Mullaney* v. *Wilbur* (1975), 421 U.S. 684, an instruction directing the jury to find criminal intent upon proof of the defendant's conduct unless the defendant proved the contrary by a fair preponderance of evidence was held unconstitutional because it relieved the state of its burden of persuasion on the issue of criminal intent. See *Patterson* v. *New York* (1977), 432 U.S. 197, 215. Finally, in *Sandstrom* v. *Montana* (June 18, 1979), 47 U.S.L.W. 4719, an instruction which read that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts" in connection with a crime having a specific intent requirement was held unconstitutional because a reasonable juror could conclude the presumption to be *either* conclusive or persuasion-shifting. In contrast, the challenged instruction herein is not a presumption at all, much less a presumption of a conclusive or persuasion-shifting variety.[7]

---

the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court.'" *State* v. *Johnson, supra,* at page 38.

[7] In *Sandstrom, supra,* the Supreme Court noted that its analysis might only be applicable to instructions setting forth conclusive or persuasion-shifting presumptions, and thus that its holding was not necessarily dispositive of instructions placing merely the burden of *production* (or similar types of presumptions) on the defendant. 47 U.S.L.W. 4719, at pages 4721-4723, and fn. 8, 9. We think this persuasive that *Sandstrom* is inapplicable to the here challenged instruction which describes only a permissive inference.

## V.

Appellant's fourth proposition of law contends that he can not be convicted multiply of rape and kidnapping on the basis of identical evidence.

The issue raised by appellant is whether the offenses of rape and kidnapping constitute "allied offenses of similar import" within the meaning of R. C. 2941.25 (A); and if they do, whether they were "committed separately or with a separate animus as to each" within the meaning of R. C. 2941.25 (B). Under R. C. 2941.25, appellant has a statutory right to have one conviction set aside if rape and kidnapping constitute allied offenses of similar import and if these offenses were neither committed separately nor with a separate animus as to each.

Our recent decision in *State* v. *Donald* (1979), 57 Ohio St. 2d 73, holds that "[k]idnapping, as defined by R. C. 2905.01 (A) (4), is an 'offense of similar import' to rape, as defined by R. C. 2907.02 (A) (1), for purposes of application of R. C. 2941.25 (A)." Therefore, appellant can be punished multiply only if the rape and the kidnapping were committed separately or with a separate animus as to each within the meaning of R. C. 2941.25 (B). In *State* v. *Logan* (1979), 60 Ohio St. 2d 126, we held that "where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions."

We hold that the rape and the kidnapping herein were neither committed separately nor with a separate animus as to each. The force by which appellant removed Christa from the car to behind a nearby bush to engage in sexual conduct, as required under the rape statute, is indistinguishable from the force by which appellant restrained Christa of her liberty, as required under the kidnapping statute. In addition, there was no act of asportation distinct from the rape either in time or in function. *Cf. State* v. *Frazier* (1979), 58 Ohio St. 2d 253, 256. Accordingly, under R. C. 2941.25 one conviction must be set aside. Thus, we affirm the judgment of the Court of Appeals as to the rape conviction and reverse as to the kidnapping conviction.

144

*Judgment affirmed in part
and reversed in part.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY,
LOCHER and HOLMES, JJ., concur.