OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellee, v. Burchfield, Appellant.
[Cite as State v. Burchfield (1993),    Ohio St. 3d    .]
Jury instructions -- Use of OJI foreseeability instruction in
    murder cases -- Appellate procedure -- Supreme Court
    jurisdiction -- Certified conflict case -- Dismissal of
    appeal when no conflict exists.
    (No. 92-883 -- Submitted February 9, 1993 -- Decided May
19, 1993.)
    Certified by the Court of Appeals for Athens County, No.
1461.

On April 23, 1990, a history of enmity between Terry Jago and appellant, Shane Burchfield, culminated in Jago's violent death. Appellant shot and killed Jago during a confrontation outside Mudsock Cemetery, near Amesville, Ohio. Appellant's shotgun blast passed through the windshield of Jago's truck and mortally wounded Jago as he sat in the driver's seat.

Appellant was charged with murder with a firearm specification in the Court of Common Pleas of Athens County. Following a jury trial, appellant was found guilty as charged and was sentenced to a term of imprisonment of eighteen years to life.

Pursuant to R.C. 2903.02, one who "purposely cause[s] the death of another" is guilty of murder. Upon appeal, appellant asserted that the trial court's jury instructions regarding the elements of murder confused the jury as to the culpable mental state of "purposely," in that they failed to distinguish that standard from the culpable mental state of "knowingly." The appellate court disagreed, holding that the jury instructions when read as a whole were not in error.

The appellate court, finding its decision to be in conflict with the Eighth District Court of Appeals' decision in State v. Jacks (1989), 63 Ohio App. 3d 200, 578 N.E. 2d 512, certified the record of the case to this court for review and final determination. In Jacks, the Eighth District reversed a murder conviction where the trial court had propounded jury instructions virtually identical to a portion of those used in the present case. The similar instructions objected to in this case were taken practically verbatim from 4 Ohio Jury

Instructions ("OJI")(1992) 70-71, Section 409.56, and are set forth below:

"The causal responsibility of the defendant for an unlawful act is not limited to its immediate or most obvious result. He is responsible for the natural, logical and foreseeable results that follow, in the ordinary course of events, from an unlawful act.

"The test for foreseeability is not whether the defendant should have foreseen the injury in its precise form or as to a specific person. The test is whether a reasonably prudent person in the light of all the circumstances would have anticipated that death or injury or physical harm was likely to result to anyone from the performance of the unlawful act or failure to act."

William R. Biddlestone, Athens County Prosecuting Attorney, and K. Robert Toy, Assistant Prosecuting Attorney, for appellee.

J. Michael Westfall, Athens County Public Defender, and William A. Grim, Assistant Public Defender, for appellant.

Pfeifer, J. In State v. Thompson (1987), 33 Ohio St. 3d 1, 13, 514 N.E. 2d 407, 419, this court reiterated its earlier holding in State v. Price (1979), 60 Ohio St. 2d 136, 14 O.O. 3d 379, 398 N.E. 2d 772, at paragraph four of the syllabus, that "a jury instruction '* * * must be viewed in the context of the overall charge, * * *' rather than in isolation." The appellate court below relied on Thompson, supra, in finding that the trial court's instructions, when viewed as a whole, correctly instructed the jury as to the requirement of purpose in a murder charge.

In Jacks, supra, the Eighth Appellate District overturned a murder conviction when it found that the trial court's causation instruction improperly allowed the jury to find the defendant guilty on the basis of negligent, rather than purposeful, behavior. The Jacks court found that that instruction undercut the mens rea requirement for murder.

In the present case, the trial court used virtually identical language regarding causation. However, the jury instructions as a whole are significantly different from those in Jacks. In this case, there were extensive instructions regarding purpose given prior to the causation instruction. Those instructions were drawn from OJI Section 409.01, and included the instruction that purpose can be inferred from the use of a deadly weapon.

Also, immediately following the causation instruction the court reiterated the purpose requirement in words not contained in OJI: "To constitute murder, there must be a causing [sic] the death of another by the defendant and there must be a specific purpose to cause the death of another existing in the mind of the defendant at the time of the act."

This case differs further from Jacks because in this case an instruction was given for the lesser included offense of voluntary manslaughter. In that instruction the court was careful to point out the critical distinction between voluntary manslaughter and murder: "The offense of voluntary manslaughter is distinguished from murder by the absence of or failure to

prove purpose."

Finally, the Jacks court noted that the prosecutor referred to the erroneous instructions in his closing argument. In the present case, both the prosecutor and defense counsel made it very clear in their closing arguments that in order to return a guilty verdict the jury had to determine that appellant shot Jago with the intent to kill him.

As this court required in Thompson, both the Jacks court and the court below reviewed the jury instructions objected to in the context of the whole jury charge. However, the charges in the two cases were not, as a whole, identical. The two courts interpreted and ruled upon two different jury charges. Thus, we do not consider the fact that the respective courts came to different conclusions to be significant.

The Fourth Appellate District certified this case to us due to a perceived conflict with the Eighth Appellate District's decision in Jacks. There is no conflict between the two decisions. We therefore dismiss the appeal.

We are concerned, however, with the use of the OJI foreseeability instruction in this case. While OJI is widely used in this state, its language should not be blindly applied in all cases. The usefulness in murder cases of the foreseeability instruction is questionable, especially given its potential to mislead jurors. While the use of that instruction would not have led to our reversal of the conviction in this case, its unnecessary inclusion would have made the question closer than it need have been. The OJI foreseeability instruction should be given most cautiously in future murder cases.

Appeal dismissed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.