OPINION
Defendant-appellant, Travis D. Hill, appeals from a judgment of the Franklin County Municipal Court, whereby appellant was convicted of resisting arrest, in violation of Columbus City Code 2321.33(A), pursuant to a jury trial.
Appellant's conviction arises out of an incident taking place on October 31, 1999, after Officers Klette and Wilson placed appellant under arrest for domestic violence and assault. Ultimately, the trial court dismissed appellant's domestic violence and assault charges; however, a jury trial commenced on the resisting arrest charge. As indicated above, the jury convicted appellant of resisting arrest, and the trial court sentenced appellant accordingly.
Appellant appeals, raising two assignments of error:
 I. IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO ADMIT EVIDENCE OF THE DEFENDANT'S PRIOR WRONGFUL ACTS AND CRIMES, AS SUCH EVIDENCE IS INADMISSIBLE UNDER EVID.R. 404(B) OR, IN THE ALTERNATIVE, TO ADMIT SUCH EVIDENCE WITHOUT AN INSTRUCTION, LIMITING ITS PURPOSE TO THE JURY.
 II. THE TRIAL COURT ERRED AND INCORRECTLY INSTRUCTED THE JURY WITH REGARDS TO THE LAW ON PROBABLE CAUSE, THEREBY PREJUDICING THE DEFENDANT AND CONFUSING THE JURY.
In his first assignment of error, appellant contends that the trial court committed reversible error in allowing Officer Wilson to testify concerning appellant's arrest for domestic violence prior to the October 31 arrest. We disagree.
Generally, evidence of an individual's prior crimes or bad acts is not admissible. See Evid.R. 404(B). In this case, Officer Wilson testified on two separate occasions about appellant's prior incident of domestic violence. First, on direct examination, Officer Wilson indicated that appellant's wife informed him that she had to call the police in the past due to appellant's violent behavior. Second, on cross-examination, Officer Wilson mentioned appellant's prior arrest for domestic violence in response to a question regarding appellant's arrest on October 31.
The trial court struck the above cross-examination testimony from the record and instructed the jury:
 [THE COURT] The witness that had been on the stand made a statement which the Court ordered stricken, that statement concerning [appellant's] prior arrests for domestic violence. You were to completely disregard that statement.
Next, the trial court issued the following instruction:
 * * * [T]he Court is going to further instruct you that the arrest that [appellant] had previously been arrested for, the charges against him were dismissed. So that incident has absolutely no bearing on this case and should not be considered by you in any manner. * * *
Through this instruction, the trial court recognized the inadmissible nature of evidence related to the prior incident of domestic violence. The instruction further informed the jury that it was not to consider anything about the prior domestic violence incident. Because the jury is presumed to follow the trial court's instructions, we conclude that any risk of prejudice from Officer Wilson's testimony was properly cured by the trial court's instruction. See State v. Loza (1994), 71 Ohio St.3d 61,75; State v. Franklin (1991), 62 Ohio St.3d 118, 127. Accordingly, we overrule appellant's first assignment of error.
In his second assignment of error, appellant asserts that the trial court erred in providing a jury instruction indicating that appellant's arrest was lawful if based on an "articulable suspicion" that his conduct amounted to domestic violence or assault. We disagree.
As appellee concedes, the use of the term "articulable suspicion" standing alone would have been erroneous. An arrest may not be based on a mere suspicion. Wong Song v. United States (1963), 371 U.S. 471, 479. However, we are to review jury instructions in context of the overall charge and not in "artificial isolation." State v. Price (1979),60 Ohio St.2d 136, paragraph four of the syllabus. In reviewing the jury instructions as a whole, we conclude that the jury received the appropriate direction in determining whether appellant's arrest was lawful.
It is well-established that an arrest must be based on probable cause.Beck v. Ohio (1964), 379 U.S. 89, 91. Probable cause is defined as "whether, at the moment the arrest was made, * * * the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." Id.
Here, the jury was properly informed on the definition of probable cause. The jury instructions stated that appellant's arrest was lawful if the police officers had probable cause to believe that appellant's conduct amounted to domestic violence or assault. Furthermore, the instructions indicated that the test for probable cause is, "[w]ould a reasonable officer under the circumstances believe the defendant's conduct amounted to the offense?"
The trial court did not mislead the jury on the definition of probable cause by also using the term "articulable suspicion" in its jury instructions. The term "articulable suspicion" was used in a manner that conformed with the definition of probable cause. The jury instructions indicated that "articulable suspicion" consisted of "specific and articulable facts which, taken, [sic] together with rationale inferences from those facts, reasonably warrants his belief that a crime has been committed or is being committed."
Thus, while we do not condone the use of the term "articulable suspicion" when informing the jury on the definition of probable cause, we conclude that, under the facts and circumstances of this case, the trial court's jury instructions on probable cause were not erroneous. As such, we overrule appellant's second assignment of error.
Appellant's assignments of error are overruled and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BOWMAN and LAZARUS, JJ., concur.