ENTRY and OPINION
Appellant RoData appeals from a jury verdict in favor of appellee Christian Timbers. The jury determined that Christian Timbers repudiated their contract with RoData for the purchase of video-teleconferencing equipment. The jury also determined that RoData failed to fulfill all its contractual obligations, and found in favor of Christian Timbers. RoData assigns the following as errors for our review:
 I. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT A SELLER HAS THE OBLIGATION TO TENDER DELIVERY OF GOODS TO A BUYER WHO HAS REPUDIATED THE CONTRACT PRIOR TO DELIVERY.
 II. THE TRIAL COURT ERRED BY SUBMITTING INTERROGATORIES TO THE JURY THAT FAILED TO DIRECT THE JURY TO CONSIDER DAMAGES AFTER IT DETERMINED THAT BUYER REPUDIATED A CONTRACT FOR THE SALE OF GOODS BUT DIRECTED THE JURY TO DETERMINE WHETHER OR NOT THE SELLER CONTINUED TO PERFORM AFTER BUYER'S ANTICIPATORY REPUDIATION.
Having reviewed the record and pertinent law, we reverse and remand to the trial court for proceedings consistent with this opinion. The apposite facts follow.
This appeal follows a jury verdict in favor of Christian Timbers, and against RoData, stemming from a purported contract for sale of video-teleconferencing equipment. RoData initially claimed against Christian Timbers for (1) "Breach of Contract, (2) "Breach of Sales Act; O.R.C. 1302," (3) "Promissory Estoppel," and (4) "Specific Performance." Following the close of its case, RoData voluntarily dismissed all but its second claim solely as it relates to anticipating repudiation.
At the close of evidence, the trial court provided the jury with instructions accurately detailing the concepts of "anticipatory repudiation." The trial court also provided accurate instruction regarding concepts of "tender and delivery," "rejection and acceptance," "revocation," even though RoData had dropped the complaints that implicated these concepts. After reaching its decision, the jury answered interrogatories revealing that they found a contract existed between the parties, that Christian Timbers repudiated the contract, that Christian Timbers properly rejected the contract, and that RoData failed to entirely meet its obligations under the contract.
Because RoData's assigned errors are interrelated, we address them concurrently.
RoData concedes the trial court provided the jury with proper instructions regarding "anticipatory repudiation," and that all jury instructions were accurate statements of law. In its assigned errors, RoData contends the trial court erred by instructing the jury regarding "tender and delivery," "rejection and acceptance," and "revocation." RoData argues these irrelevant instructions, and the jury interrogatories pertaining to those instructions, so confused the jury that we should reverse the jury's decision and remand to the trial court for further proceedings.
When an appellant challenges the trial court's jury charge, we proceed under an abuse of discretion standard.[1] The Ohio Supreme Court has defined the abuse of discretion standard as follows:
 The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[2]
A trial court should confine its instructions to the issues raised by the pleadings and the evidence.[3] A party is not entitled to a particular jury instruction if no evidence was presented that may support that instruction.[4] However, a court ordinarily should give requested instructions if they are correct statements of law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the specific instruction.[5] Any "challenged jury instruction may not be reviewed piecemeal or in isolation but must be reviewed within the context of the entire charge."[6]
Christian Timbers's alleged anticipatory repudiation is the only claim that survived to the jury. Anticipatory repudiation occurs when a contracting party "repudiates the contract with respect to a performance not yet due the loss of which will substantially impair the value of the contract to the other."[7] The repudiating party must clearly and unequivocally relay its intention not to perform its contractual obligations.[8] Such notice gives the other party legal standing to pursue remedial measures.[9]
Thus, the only relevant questions to the jury were whether a contract existed, and if so, whether Christian Timbers repudiated that contract. An affirmative response to the later question would permit RoData to proceed to damages; a negative response would fully resolve RoData's claim.
In addition to providing instructions pertaining to "anticipatory repudiation," the trial court instructed the jury regarding "tender and delivery," "rejection and acceptance," and "revocation." As the parties agree, the court properly gave an accurate anticipatory repudiation instruction because RoData's second claim survived to the jury. However, because RoData dismissed all other claims, the jury's concern was limited to whether a contract existed, and if so, whether Christian Timbers repudiated the contract. Any instructions pertaining to performance of contractual obligations became irrelevant.
The interrogatories and jury responses were as follows. In response to the first interrogatory, the jury answered that a contract existed between RoData and Christian Timbers for the sale of video conferencing equipment. In response to the second interrogatory, the jury answered that Christian Timbers repudiated that contract. Regardless of the jury's response to this interrogatory, the jury was then directed to answer questions pertaining to whether Christian Timbers made "a proper rejection of the contract," and whether RoData fulfilled "all of its obligations required of it under the contract."
Prior to charging the jury, counsel and the trial judge discussed the interrogatories. Counsel for RoData wanted the interrogatories not pertaining to repudiation removed. During this discussion, counsel for Christian Timbers stated, "Well, your Honor, if you want to be really particular, meticulous about it, it probably should also read, did the defendant repudiate the contract? If the answer is no, proceed no further. That's not in here either." We agree that this would have been appropriate.
Because the sole claim for the jury's consideration was whether Christian Timbers repudiated the contract, instructions and interrogatories regarding the performance of RoData's obligations were irrelevant and could only serve to confuse the jury. If Christian 
Timbers repudiated the contract, RoData was entitle to pursue damages without obligation to tender the contract for goods. No reason exists to consider "tender and delivery," "rejection and acceptance," or "revocation." Because such irrelevant instructions and interrogatories could only serve to confuse the jury, we determine that the trial court abused its discretion in providing those instructions and presenting those interrogatories. Accordingly, RoData's assigned errors have merit.
Judgment reversed and cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS; TERRENCE O'DONNELL, J., DISSENTS. (SEE DISSENTING OPINION ATTACHED.)
[1] State v. Wolons (1989), 44 Ohio St.3d 64, 541 N.E.2d 443; State v.Sims, (1997), Ohio App. LEXIS 2563 (June 12, 1997), Cuyahoga App. No. 71236, unreported.
[2] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257, 662 N.E.2d 1, 3. Internal citations omitted.
[3] Becker v. Lake Cty. Mem. Hosp. West (1990), 53 Ohio St.3d 202,208, 560 N.E.2d 165.
[4] Sims, supra.
[5] Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591,575 N.E.2d 828.
[6] Sims, supra, citing State v. Hardy (1971), 28 Ohio St.2d 89,276 N.E.2d 247; State v. Price (1979), 60 Ohio St.2d 136, 398 N.E.2d 772;State v. Wise (Jan. 29, 1993), Wood Cty. App. No. 91 W.C. 113, unreported.
[7] American Bronze Corp. v. Streamway Products (1982), Ohio App.3d 223; 456 N.E.2d 1295, paragraph three of the syllabus.
[8] Id.
[9] R.C. 1302.68(B).