OPINION
Johnny Coben is appealing the judgment of the Greene County Court of Common Pleas convicting him of conspiracy to commit robbery and sentencing him accordingly.
Coben was indicted by the Greene County Grand Jury on June 8, 2000 on one count of conspiracy to commit robbery in violation of R.C.2923.01(A)(1). A jury trial commenced on January 8, 2001. At trial, it was determined that Coben, Lee Roy Lee, and Joshua Moulder had planned and committed a robbery at the Damon's Restaurant in Fairborn. Lee was identified as the man who had entered the Damon's sales office at 1 a.m. with an Uzi and had demanded that the store manager, Kristy Fogle, take him to the safe and give him money. Moulder was identified as having aided Lee. Lee and Moulder were charged and pled to robbery and conspiracy to commit robbery, respectively. Both men testified at Coben's trial. Lee testified that Coben had been involved in the planning of the robbery, while Moulder testified that Coben had not taken part in the robbery.
At the conclusion of trial, Coben was found guilty of the offense and sentenced to seven years incarceration.
 Coben now appeals, asserting one assignment of error. Prosecutorial misconduct during closing argument that "in all the years of doing trials, this is probably the most lies, most slip-ups I've ever seen" seriously undermines the fairness of the proceeding where the credibility of co-conspirators, one exculpating the Defendant, was central to the case. Further, defense counsel's failure to object to such prosecutorial misconduct, when the misconduct was likely to prejudice defendant's case, was ineffective assistance of counsel.
Coben first alleges that the prosecutor engaged in misconduct when, in his closing argument, he stated "whenever you lie there's one thing that's true, that when people lie sooner or later they slip up. In this case, of all the years of doing trials, this is probably the most lies, most slip-ups I've ever seen."
The Ohio Supreme Court has said that prosecutorial misconduct "during trial cannot be made a ground of error unless the conduct deprives defendant of a fair trial." State v. Keenan (1993), 66 Ohio St.3d 402,405. However, failure to raise objections to misconduct at trial waives all but plain error. See, State v. Jones (2001), 91 Ohio St.3d 335,352.
Our review of the record reveals that no objections were made during closing argument. Accordingly, Coben has waived all but plain error. In this particular context, we have previously stressed that
 [w]e recognize plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" In order to prevail on a claim governed by the plain error standard, [the defendant] must demonstrate that the outcome of her trial would clearly have been different but for the errors that she alleges. Thus, the alleged prosecutorial misconduct constitutes plain error only if it is clear that [the defendant] would not have been convicted in the absence of the improper comments. The plain error standard generally presents, in accordance with its design, an almost insurmountable obstacle to reversal in cases such as this.
State v. Carpenter (1996), 116 Ohio App.3d 615, 621 (citations omitted).
The Ohio Supreme Court has said that attorneys may not properly express their personal beliefs about the credibility of witnesses or the guilt of an accused. See, e.g., State v. Apanovitch (1987), 33 Ohio St.3d 19,24. However, it is well established that "[w]hile it is improper for the prosecutor to express to the jury his or her personal opinion about the credibility of any witness, the prosecutor is permitted to make fair comment on the credibility of witnesses based upon their testimony in open court." State v. Mundy (1994), 99 Ohio App.3d 275, 304, citing State v. Price (1979), 60 Ohio St.2d 136, 140, 14 O.O.3d 379, 381. Prosecutors may properly argue all reasonable inferences from the evidence. State v. Stephens (1970), 24 Ohio St.2d 76, 82, 53 O.O.2d 182, 185-186. Furthermore, as the Court stressed in Apanovitch, supra, considerable latitude is allowed in closing argument. Id.
We agree that this comment was inappropriate. However, based on the record before us, we see no plain error that would justify setting the verdict aside. The prosecutor's remark was an isolated one. The comment was made in the context of contrasting the defense and prosecution witnesses, and was made prior to the prosecutor's analysis of the inconsistencies in Coben's witnesses' testimonies. The prosecutor did not claim to have personal knowledge of any witness' truthfulness.
Furthermore, a review of the record reveals that Coben, who worked at Damon's as a dishwasher and who was aware that Damon's had a safe, persuaded his friends Lee and Moulder to help him rob Damon's. Lee entered the office through a non-public entrance at 1 a.m., a time when very few people were present in the restaurant, and demanded money. There was evidence that Coben provided Lee with the Uzi and that Coben accepted one-half of the cash after the robbery. Since ample evidence existed to support the verdict, the outcome of the trial would not clearly have been different absent the comment at issue.
Coben also asserts that his trial attorney provided him with ineffective assistance of counsel for failing to object to the statement during the prosecutor's closing argument.
In reviewing a claim of ineffective assistance of counsel, "[t]rial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." State v. Cook (1992),65 Ohio St.3d 516, 524, citing Strickland v. Washington (1984),466 U.S. 668, 687-89. It is the appellant's burden to satisfy the two-pronged test used to determine whether he was accorded effective assistance of counsel at trial. Strickland, supra, at 687; State v. Smith (1985), 17 Ohio St.3d 98, 100. First, the appellant must show that defense counsel's performance fell below the objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Counsel's errors must constitute a "substantial violation of any of defense counsel's essential duties to his client." Id. at 141, quoting State v. Lytle (1976), 48 Ohio St.2d 391,396-97, 2 O.O.3d 495, 498, vacated in part on other grounds, Lytle v. Ohio (1978), 438 U.S. 910. In addition, the error must be so egregious that counsel "was not functioning as the `counsel' that the Sixth Amendment guarantees." Cook, supra, at 524.
Showing such error does not end the inquiry, however. The second step of the test requires an appellant to prove that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, supra, at 694; Bradley, supra, paragraph three of the syllabus. In order to prevail, Coben must satisfy both prongs of the foregoing test.
As we stated above, parties are given wide latitude in closing arguments to comment upon the evidence presented at trial. Apanovitch, supra. Competent counsel may reasonably hesitate to object in the jury's presence because objections may be considered bothersome by the jury and may tend to interrupt the flow of a trial. State v. Campbell (1994),69 Ohio St.3d 38, 53.
Accordingly, we do not find that trial counsel's failure to object was error. We are unable to find that there is a reasonable probability that but for the failure to object to the prosecutor's comment, the result of the trial would have been different.
We hereby overrule Coben's assignment of error.
Judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.