JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Hairston, Cuyahoga Court of Common Pleas Case No. 400718, applicant was convicted of aggravated murder with a firearm specification. This court affirmed that judgment in State v. Hairston
(Sept. 19, 2002), Cuyahoga App. No. 80054. On April 23, 2003, the Supreme Court of Ohio dismissed Hairston's appeal to that court for the reason that no substantial constitutional question existed.
 {¶ 2} On February 14, 2003, Hairston filed a timely application for reopening.[1] Hairston now asserts the following errors:
 {¶ 3} "I. Defendant was denied due process of law when the court diminished the requirement of proof of specific intent to cause the death as an element of aggravated murder.
 {¶ 4} "II. Defendant was denied due process of law when the court instructed the jury concerning a presumption which eliminated the requirement that the prosecution prove an element of the offense beyond a reasonable doubt.
 {¶ 5} "III. Defendant was denied effective assistance of counsel when counsel failed to object to improper jury instructions."
 {¶ 6} On March 31, 2003, the State of Ohio filed their memorandum of law in opposition to application for reopening. For the following reasons we decline to reopen Hairston's appeal
 {¶ 7} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 8} Herein, Hairston sought to appeal his case to the Supreme Court of Ohio which denied his appeal. Because the issues of ineffective assistance of appellate counsel or the substantive issue listed in the application for reopening were or could have been raised, res judicata now bars re-litigation of this matter.
 {¶ 9} Notwithstanding the above, Hairston fails to establish that his appellate counsel was ineffective. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984),466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011,110 S.Ct. 3258.
 {¶ 10} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065.
 {¶ 11} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
 {¶ 12} Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel on appeal. In assignments of error one and two, Hairston, through counsel, states that the cited jury instructions diminished the requirement of proof of specific intent to cause the death as an element of aggravated murder, and eliminated the requirement that the prosecution prove an element of the offense beyond a reasonable doubt.
 {¶ 13} The record indicates that trial counsel did not object to these instructions. Therefore, our review is limited to plain error,State v. Williford (1990), 49 Ohio St.3d 247, 551 N.E.2d 1279, which is to be used cautiously and only under exceptional circumstances to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804.
 {¶ 14} Plain error will not be found with regard to improper jury instructions unless the outcome of the trial would clearly have been different. Williford, supra at 253; State v. Cooperrider (1983),4 Ohio St.3d 226, 448 N.E.2d 452; State v. Joseph (1995),73 Ohio St.3d 450, 653 N.E.2d 285. Additionally, when reviewing such assignments of error, a single challenged jury instruction may not be reviewed piecemeal or in isolation but must be reviewed within the context of the entire charge. State v. Hardy (1971), 28 Ohio St.2d 89,276 N.E.2d 247; State v. Price (1979), 60 Ohio St.2d 136, 398 N.E.2d 772.
 {¶ 15} After our review of the jury instructions given by the trial court, we do not find plain error. Nor do we find that a manifest miscarriage of justice occurred. We also find that counsel was not ineffective for failing to object to the jury instructions. Accordingly, the application to reopen is denied.
JAMES J. SWEENEY, J., AND DIANE KARPINSKI, J., CONCUR.
[1] The opinion in State v. Hairston (Sept. 19, 2002), Cuyahoga App. No. 80054 was not journalized until November 26, 2002.