{¶ 50} I respectfully dissent from the majority's disposition of appellant's third assignment of error. The circumstances surrounding the restraint and movement of the victim to the location of the rape in the present case — circumstances remarkably similar to those in State v. Logan, ante — do not support the majority's conclusion that appellant possessed a separate animus to commit a kidnaping separate and apart from his commission of the rape.
 {¶ 51} In Logan, the defendant unsuccessfully attempted to give the victim some pills and then forced her, at knifepoint, down an alley, around a corner, and down a flight of stairs to the location where he proceeded to rape her. Id. The Ohio Supreme Court held that, under these circumstances, the restraint and movement of the victim was merely incidental to the rape and did not warrant separate convictions and punishment. Id. at 135-136.
 {¶ 52} Similarly, here, the facts demonstrate that appellant, after unsuccessfully attempting to pull the victim into a car, pulled the victim down seven blocks and to the rear of a house, where he proceeded to rape her. The majority holds that the act of forcibly moving the victim to the location of the rape, standing alone, evidenced a separate animus to commit kidnaping.
 {¶ 53} The Ohio Supreme Court, however, has consistently identified additional factors, above and beyond mereasportation, that must be present in order to support separate convictions for kidnaping and an underlying offense. For example, a separate animus was found in State v. Foust,105 Ohio St.3d 137, 2004-Ohio-7006, because the restraint of the victim extended beyond the completion of the underlying crime. In Foust, after completing the rape, defendant dragged the victim to the bathroom, where he bound her feet and hands and tied her to the bathtub. Similarly, in State v. Cooey (1989), 46 Ohio St.3d 20, defendant restrained the victim after moving her to another location and robbing her.
 {¶ 54} Evidence that the movement and confinement of the victim was secretive has also supported a separate kidnaping conviction. In State v. Lynch, 98 Ohio St.3d 514,2003-Ohio-2284, defendant lured a child victim into his apartment and eventually moved her to his bedroom, where she watched movies and ate popcorn before being raped. Likewise, a kidnaping has been found to have been committed separately when the asportation was achieved through deceit or trickery. In State v. Ware
(1980), 63 Ohio St.3d 84, defendant tricked the victim into accompanying him to his home and then, once inside, forcibly carried her to an upstairs bedroom where he raped her.
 {¶ 55} Finally, a separate conviction for kidnaping has been upheld when the movement and restraint leading up to the commission of the underlying crime was prolonged or increased the risk of harm. State v. Simko (1994), 71 Ohio St.3d 483
(defendant restrained victim for one-half hour, during which she attempted to flee, before killing her); State v. Lawson (1992),64 Ohio St.3d 336 (defendant drove victim for three hours through three counties before committing murder); State v. Broom
(1988), 40 Ohio St.3d 277 (defendant transported victims by car, at knifepoint, to a location more than a mile away).
 {¶ 56} None of the foregoing attendant factors is present, however, in the case at bar. Instead, the facts in this case clearly demonstrate that, just as in Logan, supra, appellant's movement of the victim from the location of their initial encounter to the rear of a house seven blocks away was for the sole purpose of committing the rape undetected. See, also, Statev. Price (1979), 60 Ohio St.2d 136 (defendant's actions in pulling the victim from a car and dragging her into the bushes were incidental to the commission of rape and did not support a conviction and punishment for a separate kidnaping). The seven-block walk was not prolonged nor did it increase the risk of harm to the victim. Indeed, appellant did not threaten the victim with, or even possess, a weapon. He did not restrain the victim in the yard for any period of time before raping her. Nor was there any testimony to suggest that, once the rape was complete, appellant in any way further restrained the victim.
 {¶ 57} In sum, the facts in this case simply do not support the conclusion that appellant either possessed a separate animus or committed a separate act justifying punishment for two separate crimes. I would thus vacate his conviction and sentence for kidnaping.